■ HUGH SMITH et al., Appellants, v FARUOLO, CAPUTI & WEINTRAUB, Respondent.—In an action, *inter alia,* to recover a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), dated February 21, 1989, which denied that branch of their motion which was for summary judgment on the claim for the return of the down payment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiffs' claim for the return of the down payment is denied, that claim is reinstated, that branch of the plaintiffs' motion

which was for summary judgment on their claim for the return of their down payment is granted; and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith.

In April 1984, the plaintiff buyers entered into a contract to purchase certain real property located at 38-26 208th Street in Bayside, New York. A rider to the contract of sale provided in pertinent part, that: "This contract is contingent upon the ability of the purchasers to obtain a commitment for a conventional first mortgage * * * within thirty (30) days of the date of this contract * * *. In the event the said mortgage commitment is not granted within the time provided herein, then the Seller shall have the right to cancel the contract or extend Purchaser's time to obtain such commitment".

The record reveals that the buyers were unable to procure a mortgage commitment within the 30-day period specified in the contract. Although the buyers requested an extension of time within which to secure financing from other lending institutions, the sellers did not issue a written extension, as was required by the terms of a rider to the contract. As a result, the sellers must be deemed to have canceled the contract. Accordingly, the seller's attorneys must return the down payment to the buyers, together with appropriate interest. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.