■ DANTON CONSTRUCTION CORP., Appellant, v HENRY M. BONNER et al., Respondents.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 15, 1988, as denied its cross motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion is granted to the extent that the defendants are directed to return the plaintiff's down payment, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith.

By letter dated December 14, 1987, the defendant sellers offered the plaintiff an option to purchase eight parcels of property in Nassau County pursuant to terms and conditions

set forth in an annexed proposed contract. The option letter, however, expressly reserved the defendants' right to "reformat" the terms of the proposed contract in order to maximize potential tax advantages. The plaintiff signed the letter agreement on February 12, 1988, and forwarded a $200,000 down payment to the defendants. Six weeks later, the defendants delivered two "reformatted" contracts to the plaintiff, restructuring the sale into two separate transactions, the first involving the conveyance of two parcels, and the second involving the conveyance of the remaining six parcels. The new contracts also contained provisions, *inter alia,* eliminating a requirement that the defendants obtain building permits as a condition precedent to the sale, and altering the terms of a proposed purchase money mortgage. Although the plaintiff agreed to execute the "reformatted" contracts, it returned the contracts to the defendants with additional proposed modifications. The defendants refused to execute the contracts as modified by the plaintiff, and this action ensued.

It is settled law that before a plaintiff may secure redress for the breach of an agreement, the promise made by the defendant must be sufficiently certain and specific so that the parties' intentions are ascertainable *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *Bernstein v Felske,* 143 AD2d 863; *Mocca Lounge v Misak,* 94 AD2d 761). Thus, an "agreement to agree", which leaves material terms of a proposed contract for future negotiation, is unenforceable *(see, Martin Delicatessen v Schumacher, supra; Bernstein v Felske, supra).* Applying these principles at bar, we find that by reserving a vague right to "reformat" the terms of the proposed conveyance, the defendant sellers left significant terms of the transaction open to future negotiation. Since the parties never came to a meeting of the minds as to the essential terms of the proposed conveyance, and never executed a formal contract as contemplated by the option letter, we find that the option letter was no more than an unenforceable "agreement to agree" *(see, Engle v Lipcross Inc.,* 153 AD2d 603, 604; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598, 599).

In light of our determination that the parties did not enter into a binding contract for the sale of the subject property, the defendants' attorneys must return the down payment to the plaintiff, together with appropriate interest *(see, Smith v Faruolo, Caputi & Weintraub,* 161 AD2d 576). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.