■ JOANN MICELI et al., Respondents, v GEICO PROPERTIES, INC., Defendant, and GERAL LANDSCAPING, INC., Defendant and Third-Party Plaintiff-Respondent. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, etc., the third-party defendant appeals (1) from an order and judgment (one paper) of the Supreme Court, Nassau County (Becker, J.), dated November 28, 1989, which granted the motion of the defendant third-party plaintiff for summary judgment and declared that the third-party defendant is obligated to defend, and, if necessary, indemnify the defendant third-party plaintiff for any amounts found to be due to the plaintiffs in the main action, and (2) from so much of an order of the same court, dated April 4, 1990, as denied that branch of the motion of the third-party defendant which was for leave to serve an amended answer to the third-party complaint interposing the affirmative defense of the Statute of Frauds.

Ordered that the order and judgment dated November 28, 1989, is affirmed; and it is further,

Ordered that the order dated April 4, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs and the defendant third-party plaintiff, appearing separately and filing separate briefs, are awarded one bill of costs.

We agree with the Supreme Court's conclusion that the agreement between the third-party defendant Government Employees Insurance Company (hereinafter GEICO) and the defendant third-party plaintiff Geral Landscaping, Inc. (hereinafter Geral), containing a provision that "[i]t is understood that Geral * * * will in no way be responsible for any bodily injury claims due to slips or falls on the premises for the duration of the contract", manifested the intention of the parties that GEICO would indemnify Geral for such claims even if caused by Geral's own negligence *(see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774; *Margolin v New*

*York Life Ins. Co.,* 32 NY2d 149; *Levine v Shell Oil Co.,* 28 NY2d 205). Furthermore, the indemnification provision is not invalid under the Statute of Frauds *(see,* General Obligations Law § 5-701), because the terms of that agreement were fully performed by both parties *(see, Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227).

Moreover, the Supreme Court acted properly in denying GEICO's application to amend its third-party answer to assert the defense of the Statute of Frauds. As noted above, that defense is not meritorious under the circumstances of this case. In any event, the denial of the application was warranted by GEICO's failure to seek leave to amend until approximately three months after a final order and judgment resolving the third-party action had been issued. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.