■ STEPHEN SLIVINSKY, Respondent-Appellant, v BLOOMER-

SIDE COOPERATIVE, INC., Appellant-Respondent. [609 NYS2d 57] —In an action to recover damages for breach of an employment contract, the defendant appeals from a judgment of the Supreme Court, Putnam County (Sweeney, J.), dated December 24, 1991, which, upon a jury verdict, is in favor of the plaintiff and against the defendant in the sum of $22,137.27, and the plaintiff cross-appeals from the judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1989, the plaintiff brought the instant action to recover damages for breach of a clause providing for living accommodations under an oral employment contract. In the complaint, the plaintiff alleged that the contract was a written job description. Nonetheless, in the first bill of particulars served upon the defendant within three months of the commencement of the action, the plaintiff stated that the contract upon which his claim was based was an oral one.

In 1991, after the case had been placed on calendar for trial, the defendant moved for the first time to amend its answer to plead the affirmative defense of the Statute of Frauds. The Supreme Court denied the motion. Upon a jury verdict, the plaintiff was awarded $22,137.27. The plaintiff cross-appealed from the judgment, arguing that the Supreme Court improvidently exercised its discretion when, during the trial, it *sua sponte* precluded the plaintiff's real estate broker's expert testimony as to the rental value of the living accommodations the plaintiff was allegedly entitled to under the employment agreement.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for leave to amend, since the motion was made on the eve of the trial and would have been prejudicial to the plaintiff after approximately two years of trial preparation and discovery *(see, Miceli v Geico Props.,* 178 AD2d 404; *Gallo v Aiello,* 139 AD2d 490; *Bertan v Richmond Mem. Hosp. & Health Ctr.,* 106 AD2d 362, 363).

Further, the Supreme Court did not improvidently exercise its discretion in precluding the plaintiff's real estate expert from testifying at trial *(see, De Long v County of Erie,* 60 NY2d 296).

We have considered the parties' remaining contentions, including those in their respective reply briefs, and find them

to be without merit. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.