■ SADRUDDIN ROUZANI, Appellant, v JOHN RAPP, Respondent. [610 NYS2d 600] —In an action for specific performance and to recover damages for fraud and misrepresentation, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), entered May 13, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This case involves a proposed sale of a business located at

103-06 Roosevelt Avenue and the lease of the premises in conjunction with that sale. The defendant was a co-owner of the premises and the defendant's sister owned the business. On April 29, 1988, the plaintiff and the defendant signed an agreement setting forth the purchase price of the business, the "starting" monthly rent, and the approximate duration of a lease. The agreement stated that a "[f]ormal lease and legal formalaties *[sic]* & details" would follow in two to three weeks. In addition, the defendant accepted a deposit of $1,001 from the plaintiff on April 29, 1988, and another $6,000 on May 2, 1988. Subsequently, the defendant's sister rejected the agreement. The plaintiff refused to accept the defendant's return of the deposits, and the money is being held in escrow. The plaintiff commenced this action alleging that the defendant breached the lease and fraudulently misrepresented that he had authority to enter into a contract on behalf of his sister. The plaintiff sought specific performance of the lease and damages.

The Supreme Court properly granted summary judgment to the defendant. The Statute of Frauds (General Obligations Law § 5-703 [2]) provides that a lease for more than one year is void unless the lease or some memorandum thereof is in writing subscribed by the party to be charged or a lawful agent with written authorization. To satisfy the Statute of Frauds, a memorandum evidencing a contract must state the entire agreement with such certainty that the substance thereof will appear from the writing alone *(see, Tamir v Greenberg,* 119 AD2d 665). The agreement must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement *(see, Aceste v Wiebusch,* 74 AD2d 810). The April 29, 1988, memorandum does not contain all the essential terms of a commercial lease, such as a commencement date, a definite term, the monthly rent for the full term, or the identity of the parties. It is unclear whether the plaintiff and the defendant intended to enter into a new lease or whether the owner of the business intended to assign her lease to the plaintiff. Further, where there is an understanding that a more formal contract is to follow a memorandum, and essential terms have been omitted or left for future negotiations, the memorandum is insufficient to satisfy the Statute of Frauds *(see, Tamir v Greenberg, supra; Sheehan v Culotta,* 99 AD2d 544).

While there is no requirement that a contract for the sale of a business be in writing, the parties elected to execute a written memorandum. There is no evidence of an agreement

to any material terms other than the purchase price stated in the memorandum. The purported contract for the sale of the business, containing only the purchase price, lacked other essential terms and was therefore too vague and indefinite to be enforced (see, *Martin Delicatessen v Schumacher*, 52 NY2d 105). Thus, even if the defendant had full authority to act on his sister's behalf, no enforceable contract was executed. Under the circumstances, the fact that the defendant may have misrepresented his authority did not injure the plaintiff, as it cannot be said that the plaintiff relied to his detriment on the defendant's alleged misrepresentation. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.