■ HAGGAI CARMON, Appellant, v SOLEH BONEH LTD., et al., Respondents. [614 NYS2d 555] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 21, 1992, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for partial summary judgment on the issue of liability on his first cause of action.

Ordered that the order is affirmed, with costs.

It is well settled that an agreement to agree, in which material terms are left for future negotiations, is unenforceable unless a methodology for determining the material terms can be found within the four corners of the agreement or the agreement refers to an objective extrinsic event, condition, or standard by which the material terms may be determined *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, *cert denied* 498 US 816; *see also, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). Further, where an agreement contains open terms, calls for future approval, and expressly anticipates future preparation and execution of contract documents, there is a strong presumption against finding a binding and enforceable obligation *(see, Teachers Ins. & Annuity Assn. v Tribune Co.,* 670 F Supp 491, 499).

In the present case, the letter of intent signed by the parties on February 11, 1985, provided for a review period of one year

within which the parties would determine whether it was feasible to create a centralized insurance brokerage company to accommodate the defendants' international insurance needs. It further provided that the exact nature of the legal entity "shall be determined with the consent of both parties following the study of the subject", that "an accurate definition of the basic profit shall be included in the contract", and that the contract "will also define elements of future profit derived from accounting arrangements". There is no dispute that the parties never memorialized the letter of intent in a further writing. Moreover, there is nothing in the letter of intent which provides a methodology for determining its open terms. Therefore, we agree with the Supreme Court that the letter of intent was merely an agreement to agree which contained open terms, called for future approval, anticipated future preparation and execution of contract documents, and was too uncertain and indefinite as to its material terms to be enforceable.

Also without merit is the appellant's contention that the alleged oral agreements entered into by the parties after the signing of the letter of intent, which purportedly set forth the material terms previously left open, were enforceable. The Statute of Frauds requires that an agreement must be in writing unless, by its terms, it can be performed within one year *(see,* General Obligations Law § 5-701 [a] [1]). The relevant question is whether the contract can conceivably be performed within one year, rather than whether it is susceptible to termination within the year *(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449). Where there is absolutely no possibility in fact and law of full performance by both parties within one year, the Statute of Frauds bars enforcement of an oral contract *(see, D & N Boening v Kirsch Beverages, supra,* at 454; *see also, Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646).

According to the plaintiff, the oral agreements provided that the parties could not terminate the purported contract after the initial one-year review period. It is undisputed that neither party sought to cancel the contract within that period. Moreover, the oral agreements allegedly provided that, at the conclusion of the initial one-year review period, the creation of the brokerage company would occur automatically. Therefore, by the plaintiff's own admission, there was absolutely no possibility that the agreement could be performed within one year. The fact that the parties could have terminated the agreement within the initial one-year review period is not

relevant to the determination of whether the oral agreements are enforceable *(see, Americana Petroleum Corp. v Northville Indus. Corp., supra).*

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.