(September 11, 1995)

■ Dicilla Abelard et al., Appellants, v Interfaith Medical Center, Respondent, et al., Defendants. [631 NYS2d 521] —Appeal by the plaintiffs from an order of the Supreme Court, Kings County (Levine, J.), dated February 2, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Levine at the Supreme Court. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.

■ Andor Group, Inc., Respondent, v David Benninghoff et al., Appellants. [631 NYS2d 79] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 14, 1994, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

Before a plaintiff may secure redress for the breach of an agreement, the promise made by the defendant must be sufficiently certain and specific so that the parties' intentions are ascertainable. Thus, an agreement to agree, which leaves material terms of a proposed contract for future negotiation, is unenforceable (see, Martin Delicatessen v Schumacher, 52 NY2d 105, 109; Rouzani v Rapp, 203 AD2d 446; Danton Constr. Corp. v Bonner, 173 AD2d 759; Bernstein v Felske, 143 AD2d 863). The letter of intent executed by the plaintiff and the defendant Sports Medicine Group by its terms contemplated the execution of a formal contract, and left out material terms so that the intent of the parties cannot be ascertained. Thus, the court should have granted summary judgment to the defendants. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ Josephine M. Bellino, Individually and as Executrix of Joseph M. Bellino, Deceased, et al., Respondents, v Martin Spatz et al., Defendants, and Mid Island Hospital, Appellant. [631 NYS2d 521] —Appeal by the defendant Mid Island Hospital from an order of the Supreme Court, Nassau County (Burke, J.), dated May 27, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Burke at the Supreme Court. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.