■ PATRICK MAFFEA et al., Respondents, v MICHAEL IPPOLITO et al., Appellants. [668 NYS2d 653] —In an action, *inter alia,* to recover damages for the breach of an alleged contract to share the proceeds of a winning New York State Lottery ticket, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 25, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs allege that at an informal family gathering in 1986, they entered into an oral agreement with the defendants that, if either of them were to win a grand prize in the New

York State Lottery Jackpot, they would share the prize equally. The plaintiffs allege that the agreement included all of the tickets purchased by the parties. On April 29, 1995, the defendant Michael Ippolito purchased a winning New York State Lottery ticket worth 7.5 million dollars.

Thereafter, the plaintiffs brought suit claiming that they are entitled to half of the proceeds of the lottery prize, by reason of the alleged oral agreement entered into nine years prior. The defendants moved for summary judgment, contending, *inter alia,* that the alleged oral agreement was not sufficiently definite to be enforced. The Supreme Court denied the motion. We reverse.

Mutual assent is essential to the formation of a contract and a party cannot be held to have contracted if there was no assent or acceptance (*see,* 22 NY Jur 2d, Contracts, § 29). The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which evinces the intention of the parties to contract (*see,* 22 NY Jur 2d, Contracts, § 29). The plaintiffs have not indicated any actions by the defendant Michael Ippolito either at the time of the 1986 gathering, or subsequent thereto, evincing his assent to the alleged oral agreement.

Moreover, before a plaintiff may secure redress for the breach of an agreement, the promise made must be sufficiently certain and specific so that the parties' intentions are ascertainable. An agreement to agree, which leaves material terms of a proposed contract for future negotiation, is unenforceable (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *Andor Group v Benninghoff,* 219 AD2d 573; *Rouzani v Rapp,* 203 AD2d 446, 447; *Danton Constr. Corp. v Bonner,* 173 AD2d 759, 760; *Bernstein v Felske,* 143 AD2d 863, 864-865). Here, the terms of the alleged oral agreement are not sufficiently definite to be enforced. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.