■ BALCO DEVELOPMENT CORP., Respondent, v BONNIE S. PETERS, as Executor of ROBERT F. KEATING, Deceased, Appellant.

[715 NYS2d 431] —In an action for specific performance of an alleged option to purchase real property, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 26, 1999, which denied her motion to dismiss the complaint and vacate the notice of pendency filed by the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the notice of pendency is vacated.

The plaintiff purchased real property from the defendant's decedent pursuant to a contract which, according to the plaintiff, also granted it an option to purchase an adjacent parcel. The plaintiff commenced this action seeking specific performance of the alleged option. The defendant moved to dismiss the complaint and vacate the notice of pendency filed by the plaintiff, contending, *inter alia*, that the contract did not give the plaintiff any right to purchase the adjacent property.

Before a party may obtain redress for breach of a promise, the promise must be sufficiently certain and specific to ascertain the parties' intentions and the terms of the agreement (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *Bernstein v Felske,* 143 AD2d 863, 864). "Otherwise, a court, in intervening, would be imposing its own conception of what the parties should or might have undertaken, rather than confining itself to the implementation of a bargain to which they have mutually committed themselves. Thus, definiteness as to material matters is of the very essence in contract law" (*Martin Delicatessen v Schumacher, supra,* at 109).

The provision of the contract relied upon by the plaintiff does not grant an option to purchase the adjacent parcel. The terms of the provision are not sufficiently definite and complete and do not include a promise to sell the property to the plaintiff. Consequently, the Supreme Court erred in denying the defendant's motion.

In light of our determination, it is unnecessary to address the defendant's remaining contention. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.