■ MIRANCO CONTRACTING, INC., Appellant, v ALLAN PEREL et al., Respondents, et al., Defendant. (And a Third-Party Action.) [816 NYS2d 516]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 9, 2005, as granted that branch of the motion of the defendants Allan Perel and Lillian H. Associates which was for summary judgment dismissing the causes of action based on breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In order for a breach of contract to exist, there must be a meeting of the minds on the agreement said to have been breached" (*Gomez v Bicknell,* 302 AD2d 107, 115 [2002]; *see Platt v Portnoy,* 220 AD2d 652, 653 [1995]). "Mutual assent evincing the intention of the parties to form a contract is essential" (*Gomez v Bicknell, supra* at 115-116) and "[a]n agreement to agree, which leaves material terms of a proposed contract for future negotiation, is unenforceable" (*Maffea v Ippolito,* 247 AD2d 366, 367 [1998]; *see Joseph Martin, Jr., Delicatessen v Schumacher,* 52 NY2d 105, 109 [1981]).

The defendants Allan Perel and Lillian H. Associates (hereinafter the respondents) sustained their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the causes of action based on breach of contract (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), by demonstrating that there was no written contract and no mutual assent or agreement to a material term of the alleged oral contract because the parties could not agree upon the price for the project (*see Gomez v Bicknell, supra* at

115-116; *Platt v Portnoy, supra* at 653). In opposition, the plaintiff failed to raise a triable issue of fact regarding the existence of a contract (*see Zuckerman v City of New York, supra*; *Negri v Stop & Shop,* 65 NY2d 625 [1985]). Because there was only an agreement to agree (*see Maffea v Ippolito, supra),* the Supreme Court properly granted that branch of the respondents' motion which for summary judgment dismissing the cause of action based on breach of contract.

We note, however, that the statute of frauds was not applicable because the alleged contract could have been performed within one year (*see* General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454 [1984]; *Slivinsky v Bloomerside Coop.,* 202 AD2d 491, 492 [1994]) and, in any event, the respondents failed to plead it as an affirmative defense (*see* CPLR 3018 [b]; 3211 [e]; *Matter of Sheldon E. Goldstein, P.C. [Riverso],* 276 AD2d 321, 322 [2000]; *see also Admae Enters. v Smith,* 222 AD2d 471 [1995]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.