■ LINDA ALSTER, Appellant, v FITZGERALD & FITZGERALD, P.C., Respondent. [835 NYS2d 294]—

In an action to recover damages for breach of an alleged fee-sharing agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County .(Rudolph, J.), entered January 13, 2006, as denied her motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendant raised triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The conflicting affidavits submitted by the parties reveal the existence of triable issues of fact with respect to whether there existed a fee-sharing agreement that was sufficiently certain and specific as to be enforceable, or an unenforceable agreement to agree (*see Stockland Martel, Inc. v Donald J. Pliner of Fla., Inc.*, 32 AD3d 779, 782 [2006]; *Maffea v Ippolito*, 247 AD2d 366, 367 [1998]). The issues of whether there was an enforceable agreement to share attorneys' fees, and, if so, the nature of the terms of the agreement, are issues triable by a jury (*see Matter of Jacob D. Fuchsberg Law Firm v Danzig*, 248 AD2d 178, 179 [1998]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.