■ F & D BAGEL CORP., Doing Business as BERNIE's BAGELS, Appellant, v WALD REALTY, INC., Respondent. [839 NYS2d 530]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered May 1, 2006, which, upon an order of the same court dated September 27, 2005, among other things, searching the record and awarding summary judgment in favor of the defendant dismissing the causes of action to recover damages for tortious interference with contract and tortious interference with business relations, and upon a decision of the same court dated March 15, 2006, made after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff entered into a lease with the defendant land-

owner to rent property upon which the plaintiff operated a bagel and delicatessen shop. The plaintiff decided to sell its business and requested the defendant's consent to an assignment of the lease agreement. Pursuant to the terms of the lease, such consent was "not to be unreasonably withheld." The defendant refused to consent unless the plaintiff and/or the prospective purchasers agreed to pay certain additional service charges. The plaintiff commenced this action alleging, inter alia, that such additional charges were not provided for in the lease and, therefore, the defendant's refusal to consent to the assignment without payment of those charges was unreasonable and a breach of the lease. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on its breach of contract cause of action, finding that consent had been unreasonably withheld, and set the matter down for a trial on the issue of damages on that cause of action. After a nonjury trial, the Supreme Court determined that the plaintiff had not proved its damages on that cause of action, and dismissed the complaint. We affirm.

As proof of damages, the plaintiff proffered a letter of intent signed by a potential purchaser agreeing to pay the sum of $275,000 for the business. The plaintiff asserted that the letter of intent constituted an agreement between it and the potential purchaser that was not consummated because the defendant refused to consent to the assignment of the lease. However, the letter of intent afforded the potential buyer a 30-day period in which to perform due diligence, and expressly contemplated the execution of a subsequent contract of sale (*see Checkla v Stone Meadow Homes*, 280 AD2d 510 [2001]; *HDA Parking Devs. v Mount Vernon Hosp.*, 260 AD2d 350 [1999]; *Carmon v Soleh Boneh Ltd.*, 206 AD2d 450 [1994]). At trial, the potential purchaser was confronted with additional information concerning the business that would have been revealed by due diligence, including, inter alia, a tax return indicating that the plaintiff's representations concerning the income from the business had been significantly overstated. The potential purchaser testified that, had he known of such additional information, he would not have purchased the business or made an offer for it. In addition, the plaintiff ultimately sold the business to another purchaser. Thus, the plaintiff failed to prove that it had a valid and enforceable agreement to sell the business for the sum of $275,000, failed to prove that the agreement was not consummated because of the defendant's refusal to consent to the assignment of the lease, and failed to establish that it sustained damages as a proximate result of that refusal.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.