■ 2004 McDONALD AVE. REALTY, LLC, Appellant, v 2004 McDONALD AVENUE CORP., Respondent. [858 NYS2d 203]—

In an action, inter alia, for specific performance of a letter of intent regarding a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated June 4, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To obtain specific performance of an agreement, the agreement must be sufficiently certain and specific so that the parties' intentions are ascertainable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *Balco Dev. Corp. v Peters*, 276 AD2d 729, 730 [2000]; *Mocca Lounge v Misak*, 94 AD2d 761, 762 [1983]). "[D]efiniteness as to material matters is of the very essence in contract law" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d at 109), for without it a court could not intervene without "imposing its own conception of what the parties should or might have undertaken, rather than confining itself to the implementation of a bargain

to which [the parties] have mutually committed themselves" (*id.*). Thus, "an agreement to agree, which leaves material terms of a proposed contract for future negotiation, is unenforceable" (*Andor Group v Benninghoff*, 219 AD2d 573 [1995]; *see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d at 109; *Willmott v Giarraputo*, 5 NY2d 250, 253 [1959]; *Rouzani v Rapp*, 203 AD2d 446, 447-448 [1994]; *Danton Constr. Corp. v Bonner*, 173 AD2d 759, 760 [1991]; *Bernstein v Felske*, 143 AD2d 863, 865 [1988]).

Here, the letter of intent at issue (hereinafter the LOI) expressly stated that "[t]his Letter is not a binding agreement except to the extent specifically stated below." According to its terms, only three provisions were binding, to wit: the due diligence indemnification provision, the non-shop provision, and the deposit provision, leaving, inter alia, the provisions pertaining to alterations, the guaranty, and the right of first refusal open for negotiation. In addition, the last paragraph of the LOI stated that *"[i]n the event that a Lease Agreement is executed . . .* the terms of such Lease Agreement shall supersede all prior discussions and negotiations, including . . . this Letter" (emphasis added), and that *"[i]n the event that no Lease Agreement is executed . . .* this Letter shall be of no effect except as specifically set forth herein and [the defendant] shall retain the $5000 deposited pursuant to this letter agreement" (emphasis added).

The unambiguous language of the LOI and the correspondence exchanged by the parties during negotiations, which also accompanied drafts of the proposed lease and guaranty, conclusively established the parties' intent not to be bound until formal agreements were signed (*see F & D Bagel Corp. v Wald Realty, Inc.*, 41 AD3d 778, 779 [2007]; *Danton Constr. Corp. v Bonner*, 173 AD2d at 760; *Monaco v Nelson*, 121 AD2d 371, 372 [1986]). Where, as here, an LOI regarding a lease for commercial property contained open terms, called for future approval, and expressly anticipated the future preparation and execution of contract documents, the Supreme Court properly determined that it was not binding (*see e.g. F & D Bagel Corp. v Wald Realty Inc.*, 41 AD3d at 779; *Barlia v Murcott Realty Corp.*, 41 AD3d 752, 753 [2007]; *HDA Parking Devs. v Mount Vernon Hosp.*, 260 AD2d 350, 351 [1999]; *Carmon v Soleh Boneh Ltd.*, 206 AD2d 450 [1994]; *cf. Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 485 [1989]).

The plaintiff's contention that the defendant breached its duty pursuant to the LOI to negotiate the terms of a formal agreement in good faith is also unavailing. Where, as here, we

are called upon to construe a clause expressly providing that a party is to negotiate in good faith, a clear set of guidelines against which to measure a party's efforts is essential to its enforcement (*see generally Timberline Dev. v Kronman*, 263 AD2d 175, 178 [2000]; *Strauss Paper Co. v RSA Exec. Search*, 260 AD2d 570, 571 [1999]; *Mocca Lounge v Misak*, 94 AD2d at 763; *Cross Props. v Brook Realty Co.*, 76 AD2d 445, 454 [1980]; *accord Wood v Duff-Gordon*, 222 NY 88, 92 [1917]; *Candid Prods., Inc. v International Skating Union*, 530 F Supp 1330, 1334-1336 [1982]). No objective criteria or standards against which the defendant's efforts can be measured were stated in the LOI, and they may not be implied from the circumstances of this case.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly, upon determining that the LOI was unenforceable, granted that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.