■ JONATHAN B. BEHRINS et al., Appellants, v KEITH CAMPANELLA et al., Respondents. [27 NYS3d 885]—

In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated April 14, 2014, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and for summary judgment on their counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs leased office space pursuant to a five-year lease which provided that the term of the lease would commence upon completion of certain work to be performed by the landlord, Gardens Office I, LLC. The landlord hired the defendant Campa Construction Corp. (hereinafter Campa) to perform the work specified in the contract. The plaintiffs also hired Campa to perform additional work not called for in the lease pursuant to two change orders. The plaintiffs allege, inter alia, that Campa and its principal, the defendant Keith Campanella, agreed to complete the work by November 26, 2011, and that the defendants breached the terms of the parties' agreement by failing to complete the work by that date.

Contrary to the plaintiffs' contention, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract by demonstrating that they never agreed to complete the work by November 26, 2011 (see Miranco Contr., Inc. v Perel, 29 AD3d 873, 874 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and for summary judgment on their counterclaim, which seeks payment of the balance due

for their work. Eng, P.J., Leventhal, Miller and LaSalle, JJ., concur.