■ LAKEVIEW DEVELOPMENT AT CARMEL, LLC, Plaintiff, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Defendants. FIDELITY NATIONAL TITLE INSURANCE COMPANY, as Successor to LAWYERS TITLE INSURANCE CORPORATION, Third-Party Plaintiff-Appellant; PREMIER ABSTRACT, LTD., Third-Party Defendant-Respondent. [30 NYS3d 844]—In an action, inter alia, to recover damages for breach of a title insurance policy, the third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Reitz, J.), dated February 28, 2014, as denied its cross motion for summary judgment on the issue of liability on the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of a title insurance policy issued by Premier Abstract, Ltd. (hereinafter Premier), as agent for the defendant Lawyers Title Insurance Corporation (hereinafter LTIC). Fidelity National Title Insurance Company (hereinafter Fidelity), as successor in interest to LTIC, commenced this third-party action against Premier. In the third-party complaint, Fidelity alleged that Premier breached its agency agreement with LTIC, pursuant to which Premier agreed to indemnify LTIC for losses and damages arising from, among other things, the failure to follow the standard of care exercised by a New

York State title insurance agent in the preparation and issuance of title insurance commitments and policies. Premier moved for summary judgment dismissing the third-party complaint, and Fidelity cross-moved for summary judgment on the issue of liability on the third-party complaint. The Supreme Court denied the motion and the cross motion. Fidelity appeals.

Contrary to Fidelity's contention, the Supreme Court properly denied its cross motion for summary judgment on the issue of liability on the third-party complaint. The parties' respective submissions, which included conflicting affidavits, raised a triable issue of fact as to whether Premier breached the agency agreement by allegedly failing to follow the standard of care to be exercised by a New York State title insurance agent in issuing the subject policy (*see A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y.*, 112 AD3d 559, 560 [2013]; *Alster v Fitzgerald & Fitzgerald, P.C.*, 39 AD3d 678 [2007]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.