■ KIRK/MARSLAND ADVERTISING, INC., et al., Appellants, v CUNARD LINE LIMITED et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 12, 1991, which, *inter alia,* granted defendants' motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiffs failed to come forward with any evidence of defendants' fraud, constructive fraud, negligent misrepresentation or racial discrimination against plaintiffs in awarding the contract for production of defendant Cunard's annual Product Sales Manual to another company rather than to plaintiffs.

Defendants' November 23, 1987 letter, upon which plaintiffs rely, was not a binding commitment of the production job by defendants to plaintiffs, but rather a statement of future intentions, promises or expectations not actionable as a fraud *(Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). Nor did plaintiffs make out a prima facie case of racial discrimination under 42 USC § 1981 based solely upon the individual plaintiff's American Indian ancestry. Defendants set forth a clear commercial business justification for their determination to award the production job to another contractor, including the latter's substantially lower bid and evidence of strained interpersonal conflicts between the parties during plaintiffs' prior production of defendants' Product Sales Manual *(Wards Cove Packing Co. v Atonio,* 490 US 642).

We have reviewed plaintiffs' remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Kassal, JJ.