■ LONG ISLAND SAVINGS BANK, FSB, Respondent, v GELODA/BRIARWOOD CORP., Appellant. [652 NYS2d 611] —Interlocutory judgment and order (one paper), Supreme Court, New York County (Martin Evans, J.H.O.), entered on or about November 19, 1995, which, *inter alia*, directed defendant to render an accounting to plaintiff as provided in paragraph 9 (c) of the subject mortgage, unanimously affirmed, with costs.

Defendant contends that plaintiff has no right to any "additional satisfaction compensation", and therefore no need for an accounting, because the condition precedent to such right, namely, the sale of all of the units in the condominium, never happened. However, as this Court presaged in the prior appeal of the first summary judgment motion, paragraph 9 (c), providing for an accounting and disbursement of net profits after the sale of all of the units and the garage, could be read not as a condition precedent "but rather as merely identification of an event to fix the time when the compensation would become due" (190 AD2d 64, 66). We now find that that is the way the clause should be read, defendant's trial evidence not clearly

demonstrating that a condition precedent was intended (*see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581). Nor does paragraph 9 (e) and (f) of the mortgage agreement, providing that the lien on the additional satisfaction compensation would expire upon the passage of seven years from the satisfaction of the underlying mortgage, result in the extinguishment of plaintiff's right to such compensation. While this Court has previously determined that the lien on the additional compensation expired at the end of such seven-year period (201 AD2d 318), there is, as the Judicial Hearing Officer aptly noted, a distinction between a debt and the security given for that debt, and nothing in these provisions suggests that the underlying obligation would also be extinguished. In any event, it would not avail defendant even if these provisions were to be construed as a condition limiting plaintiff's right to share in defendant's profits. While the 19 units and the garage were never sold, defendant obtained highly lucrative leases for them. Moreover, as an appraisal of the properties requested by defendant itself demonstrates, the market value of the properties clearly rendered them saleable, more than likely at a profit. Thus, by leasing rather than selling these properties, defendant prevented the happening of the condition on which it insists, and therefore may not assert it (*see, Ellenberg Morgan Corp. v Hard Rock Cafe Assocs.*, 116 AD2d 266, 271). Concur— Sullivan, J. P., Wallach, Rubin and Andrias, JJ.