■ HELLER FINANCIAL, INC., Respondent, v APPLE TREE REALTY ASSOCIATES et al., Appellants, and FUJI BANK, LIMITED,

Counterclaim Defendant-Respondent, et al., Defendants. [656 NYS2d 247] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered May 2, 1995, which, to the extent appealed from, granted plaintiff's and additional counterclaim defendant's motion for summary judgment of foreclosure, struck the answer and counterclaims of defendants-appellants and appointed a Referee to compute the amount due upon the note and mortgage, unanimously affirmed, with costs.

Waiver of right to foreclose under *Nassau Trust Co. v Montrose Concrete Prods. Corp.* (56 NY2d 175) requires a specific, identifiable promise (*see, Blittner v Friesch-Groningshe Hypotheebank Realty Credit Corp.*, 221 AD2d 152). Here, the lenders kept their promise to afford the borrowers a limited, conditional accommodation. The lenders did not prevent the condition's fulfillment (*cf., Long Is. Sav. Bank v Geloda/ Briarwood Corp.*, 235 AD2d 301). A promise to keep negotiating afterward, even if made, would not be specific enough to effect a waiver of the right to foreclose (*see, Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assocs.*, 199 AD2d 214, 217). The fraud claims are meritless because lenders made no binding commitment (*see, Kirk/ Marsland Adv. v Cunard Line*, 188 AD2d 440). The negligent misrepresentation claim was properly rejected because there is no evidence of a relationship of special confidence and trust (*see, Kimmell v Schaefer*, 89 NY2d 257, 263), or of any misrepresentation. We have considered defendants-appellants' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.