■ PRESTIGE FOODS, INC., et al., Appellants, v WHALE SECURITIES Co., L.P., et al., Respondents. [663 NYS2d 14] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 6, 1996, dismissing the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs' causes of action for breach of contract, breach of the implied duty of good faith and fair dealing, and promissory estoppel were all properly dismissed as "flatly contradicted" by the letter agreements in issue, which expressly stated that nei-

ther party had any legal obligations to the other until both had executed and delivered an underwriting agreement (*see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936; *Trade & Indus. Corp. v Euro Brokers Inv. Corp.,* 222 AD2d 364; *Frutico, S.A. de C.V. v Bankers Trust Co.,* 833 F Supp 288, 299). Flatly contradicting plaintiffs' claim of reasonable reliance on defendant's promises to proceed with the transaction, necessary to the causes of action for fraudulent and negligent misrepresentation, is the provision of the letter agreements permitting defendant to withdraw, in its sole judgment, upon the existence of various conditions, the nonexistence of which is not addressed by plaintiffs. Nor did this conventional business relationship give rise to fiduciary duties such as might justify a claim of reliance (*see, RKB Enters. v Ernst & Young,* 182 AD2d 971, 972). The cause of action for interference with prospective business relations is deficient for lack of an allegation that defendant's conduct was "motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations" (*Matter of Entertainment Partners Group v Davis,* 198 AD2d 63, 64). The individual plaintiffs have no cause of action since they were dealt with solely as agents of the corporate plaintiff (*see, Braten v Bankers Trust Co.,* 60 NY2d 155, 163), and, at most, they would have been incidental rather than intended third-party beneficiaries of any agreement (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655). Concur—Milonas, J. P., Rubin, Tom, Andrias and Colabella, JJ.