■ CHATTERJEE FUND MANAGEMENT, L.P., Appellant, v DIMENSIONAL MEDIA ASSOCIATES et al., Respondents. [687 NYS2d 364] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 11, 1998, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously affirmed, with costs.

When parties do not intend to be bound until their agreement is reduced to writing and signed, there is no contract in the interim (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399; Scheck v Francis, 26 NY2d 466, 469-470), even if the parties have orally agreed upon all the terms of the proposed contract (R.G. Group v Horn & Hardart Co., 751 F2d 69, 74). In this case, the clear language of the parties' written summary of intention indicates that any agreement was "[s]ubject to legal and tax counsel" and to all of the requirements outlined under paragraph 20, including "[n]egotiation of a definitive agreement and documentation". If there is any ambiguity in this language, it must be construed against plaintiff as drafter of the document (see, Dunhill Sec. Corp. v Microthermal Applications, 308 F Supp 195, 197).

Plaintiff's attempt to recoup its due diligence expenses on the basis of promissory estoppel and quantum meruit must also fail. The parties' failure to exempt paragraph 10 of the aforementioned summary of intention, respecting the allocation of responsibility for due diligence expenses, from the above-noted conditions precedent outlined under paragraph 20 of the same summary, as they expressly did for paragraphs 18 and 19, leads to the conclusion that in the absence of a written contract, there was no " 'clear and unambiguous promise' " to reimburse such expenses (R.G. Group v Horn & Hardart Co.,

751 F2d, *supra*, at 79; *Frutico, S.A. de C.V. v Bankers Trust Co.*, 833 F Supp 288, 299). The element of detrimental reliance is also lacking inasmuch as the performance of due diligence was a precondition to negotiation of the final contract, and unjust enrichment is not an appropriate remedy for recovery of the expenses of a failed negotiation (*Songbird Jet v Amax, Inc.*, 581 F Supp 912, 926). Concur—Ellerin, P. J., Tom, Wallach and Saxe, JJ.