■ HOLLINGER DIGITAL, INC., Appellant, v LOOKSMART, LTD., Respondent. [699 NYS2d 682] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 22, 1999, which granted defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff's causes of action for breach of contract, promissory estoppel and equitable estoppel were all properly dismissed as "flatly contradicted" by the letter agreement between the parties, which expressly stated their intention not to be bound until a stock purchase agreement was executed and all requisite consents were delivered (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936). No stock purchase agreement was signed by defendant and, thus, there was no binding contract requiring defendant to issue the subject stock to plaintiff (*see, LaRuffa v Fleet Bank,* 260 AD2d 299, citing *Scheck v Francis*, 26 NY2d 466). In view of the requirement for a written agreement, plaintiff could not have reasonably relied on defendant's alleged representations (*see, Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 282).

The motion court properly denied discovery of defendant's intent since the hidden or secret intention of the parties is not determinative of the existence of a contract (*see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399). Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.

■ MAREK KOZLOWSKI, Respondent, v JOEL B. GRAD et al., Appellants. [699 NYS2d 684] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 1, 1999, which, upon renewal, conditionally granted plaintiff's motion to restore the action to the trial calendar, unanimously affirmed, without costs.

Under the circumstances at bar, the motion court's determination to restore the action to the trial calendar conditionally was a proper exercise of discretion (*see, Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 283-284; *Nicholos v Cashelard Rest.*, 249 AD2d 187, 189). We have considered defendants' remaining arguments and find them unavailing. Concur— Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.

■ EMELINDE TORRES, Individually and as Administratrix of the Estate of MIGUEL RIVERA, Also Known as MICHAEL RIVERA,