■ RIVER GLEN ASSOCIATES, LTD., Appellant, v MERRILL LYNCH CREDIT CORPORATION et al., Respondents. [743 NYS2d 870] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 27, 2001, dismissing the amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 18, 2001, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

We agree with the motion court that there was no binding preliminary agreement to negotiate in good faith plaintiff's application for a commercial mortgage in view of the disclaimers in the application and the sophistication and experience of plaintiff's principals (*see generally, Adjustrite Sys., Inc. v GAB Bus. Servs., Inc.*, 145 F3d 543, 549). While it is therefore unnecessary to determine whether the claimed agreement was subject to the statute of frauds, we note that, assuming arguendo that it was, plaintiff's claimed additional financing and other costs do not constitute an unconscionable injury warranting the application of promissory estoppel (*see, e.g., Melwani v Jain*, 281 AD2d 276; *compare, Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792).

The fraud and negligent misrepresentation causes of action were properly dismissed in the absence of reasonable reliance upon the claimed representations, as well as for the additional reason that, under the instant circumstances, such claims were merely duplicative of the insufficient breach of contract cause of action (*see, Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42). Moreover, as this Court has repeatedly held, an arm's length borrower-lender relationship is not of a confidential or fiduciary nature and therefore does not support a cause of action for negligent misrepresentation (*FAB Indus. v BNY Fin. Corp.*, 252 AD2d 367; *Heller Fin. v Apple Tree Realty Assoc.*, 238 AD2d 198, 199, *lv dismissed* 90 NY2d 889; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359, 360; *see also, Fleet Bank v Pine Knoll Corp.*, *supra*; *Wiener v Lazard Freres & Co.*, 241 AD2d 114, 122). Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.