■ PROSPECT STREET VENTURES I, LLC, Doing Business as PROSPECT STREET VENTURES, Respondent, v ECLIPSYS SOLUTIONS CORP. et al., Appellants. [800 NYS2d 131]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 22, 2005, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The letter agreement dated July 15, 1998, upon which plaintiff relies, was a mere "agreement to agree" rather than an enforceable contract, since it was expressly conditioned on the "execution of a definitive agreement satisfactory in form and substance" to both sides. The presence of this condition precluded the formation of a contract in the form of the letter agreement, since it manifested an intent not to be bound unless there was such a definitive agreement (*see Scheck v Francis*, 26 NY2d 466 [1970]; *Hollinger Digital, Inc. v LookSmart, Ltd.*, 267 AD2d 77 [1999]; *Chatterjee Fund Mgt. v Dimensional Media Assoc.*, 260 AD2d 159 [1999]; *LaRuffa v Fleet Bank, N.A.*, 260 AD2d 299 [1999]; *Prestige Foods, Inc. v Whale Sec. Co.*, 243 AD2d 281 [1997]). The intent not to be bound is also manifested in the references in the letter to a "proposed" commitment and a "proposed" transaction.

Although the letter agreement recited that the listed terms and conditions "may be waived by [plaintiff] in its sole discretion," since one of those conditions was "the negotiation and execution of a definitive agreement *satisfactory in form and substance to [both parties]*" (emphasis added), the plaintiff's right to waive conditions cannot include defendant's overriding right to not be bound except by a "definitive agreement satisfactory [to it] in form and substance." There is no allegation in the complaint or in the record permitting the inference that there was a waiver of the condition requiring a definitive agreement.

Plaintiff's conclusory allegation that defendants refused to negotiate a final purchase agreement in good faith, devoid of any specific factual allegations other than the use of the term "good faith," is insufficient to support its argument that defendants unilaterally frustrated performance of the condition and therefore cannot benefit from its nonperformance (*see Long Is. Sav. Bank, FSB v Geloda/Briarwood Corp.*, 235 AD2d 301,

302 [1997]; *Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 264 [1995]; *Ellenberg Morgan Corp. v Hard Rock Café Assoc.*, 116 AD2d 266, 271 [1986]).

The legal insufficiency of the contract cause of action requires the dismissal of the promissory estoppel claim as well, since the inclusion of the condition precluded the element of detrimental reliance (*see Chatterjee Fund Mgt., supra; Prestige Foods, Inc., supra; Hollinger Digital, Inc., supra*). The expenditure of time and $25,000 for due diligence is not detrimental reliance under the circumstances (*see Chatterjee Fund Mgt., supra*).

Since the promissory estoppel claim is precluded by the terms of the letter, the rule that a detailed showing of the elements of promissory estoppel need not be shown to survive a pre-answer motion to dismiss (*see Rogers v Town of Islip*, 230 AD2d 727, 728 [1996]) is irrelevant here; the deficiency is not in the completeness of the allegations, but in their contradiction.

In light of the foregoing, we need not reach the issue of whether Eclipsys Corp. may be held liable as Eclipsys Solutions' alter ego or whether, as the court stated, additional discovery may flesh out the corporate relationship. However, we note that the complaint is completely devoid of factual allegations in this regard. Concur—Mazzarelli, J.P., Andrias, Saxe, Marlow and Sullivan, JJ.