■ GOLD COAST HOMES AT EVERT STREET, INC., Respondent, v AUBREY CANNUSCIO, as Executor of VINCENT CANNUSCIO, et al., Appellants, et al., Defendants. [879 NYS2d 514]—

In an action, inter alia, to impose constructive trusts on certain parcels of real property, the defendants Aubrey Cannuscio, as executor of the estate of Vincent Cannuscio, Victory Equities, Ltd., and Gerald Kerner appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 22, 2007, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the statute of frauds and the statute of limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the appellants as barred by the statute of frauds and the statute of limitations are granted.

Contrary to the plaintiff's contention, the obligations of the defendants Vincent Cannuscio, Victory Equities, Ltd., and

Gerald Kerner (hereinafter collectively the Victory defendants) under the parties' written contract for the sale of real property merged in, and were extinguished by, the deeds accepted by the plaintiff at the closing of title on November 19, 1998 (*see Novelty Crystal Corp. v PSA Institutional Partners, L.P.,* 49 AD3d 113, 115 [2008]; *Summit Lake Assoc. v Johnson,* 158 AD2d 764, 766 [1990]).

The plaintiff's assertion that it entered into an oral modification of the contract with the Victory defendants which was intended to survive the 1998 closing is unavailing. The letter of counsel for the Victory defendants setting forth the terms to which the plaintiff claims the parties orally agreed clearly characterized those terms as a "proposed amendment," and expressly provided that the terms would not be binding upon the Victory defendants unless they were reduced to writing and executed by those defendants (*see DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div.,* 52 AD3d 922, 923 [2008]; *Jordan Panel Sys. Corp. v Turner Constr. Co.,* 45 AD3d 165, 169 [2007]; *Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.,* 23 AD3d 213, 213-214 [2005]; *Hollinger Digital v LookSmart, Ltd.,* 267 AD2d 77 [1999]). Moreover, since the contract was one for the sale of real property, any oral modification was unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [2]).

Similarly, the plaintiff's contention that it partially performed under the terms of the oral modification so as to obviate the foregoing writing requirement is unpersuasive, since the plaintiff's performance was in several respects inconsistent with the terms of the proposed amendment and, thus, was not unequivocally referable to the alleged oral modification (*see generally Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229 [1999]; *Luna Light., Inc. v Just Indus., Inc.,* 45 AD3d 814 [2007]; *Abbey v Henriquez,* 36 AD3d 724 [2007]). Accordingly, any claim of the plaintiff accrued at the time of the 1998 closing, and this action, therefore, also was barred by the six-year statute of limitations (*see* CPLR 213 [2]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.