■ 511 9TH LLC, Appellant, v CREDIT SUISSE USA, INC., et al., Respondents. [894 NYS2d 385]—

The documentary evidence "conclusively refutes" plaintiff's allegations that it reasonably and detrimentally relied on oral assurances by defendants that they intended to close the financing agreement (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]). The term sheet entered into among the parties expressly provides that the summary of terms "should not be construed to constitute a commitment to lend" and that "no binding agreement shall exist until" final loan documents have been executed and delivered by all parties (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45

AD3d 165, 179-180 [2007]; *Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213, 214 [2005]). In addition, the term sheet lists about 20 conditions precedent to closing and provides that defendants' obligation to close was "subject to there being, in the sole opinion of the Lender, no material adverse change in the conditions prevailing in the syndicated debt market [or] the real estate capital markets." The complaint does not allege that the conditions precedent were satisfied or contradict defendants' assertion that they determined not to proceed due to an adverse change in the syndicated debt market. In light of the foregoing, plaintiff could not reasonably have relied on any alleged representations by defendants. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.