The Provident Loan Society of New York, Appellant, v 190 East 72nd Street Corporation, Respondent. [911 NYS2d 308]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 3, 2009, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff landlord's first cause of action seeking a declaration of equitable relief was properly dismissed, inasmuch as the "reappraisal" dispute between the parties was governed by the clear, unambiguous terms of their agreement. The parties were sophisticated entities represented by counsel when they entered into a 75-year commercial lease that called for the annual rent to be determined by a specified percentage of the appraised value of the property, which would be determined approximately once every 10 years. Either party had a right to seek reappraisal at the designated 10-year intervals, and the reappraisal notice provisions in the lease specifically required that such notice be served between three and six months prior to the expiration of the current 10-year interval. Furthermore, the lease expressly provided that if the parties both failed to serve a timely notice for reappraisal, the existing land appraisal would continue to dictate the amount of the fixed annual rent until the next contract date for reappraisal.

The lease terms expressly govern the late-notice issues raised by plaintiff on this appeal. As such, the clear and unambiguous time requirements for reappraisal, and the attendant notice-default provision, should be enforced according to the parties' intent as expressed in the lease (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). Plaintiff's reliance on *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392 [1977]) in arguing that equity should intervene because application of the lease terms would result in its forfeiture of a substantial rent increase, to which it had a vested right, is unavailing. Plaintiff's right to increased rent would not vest until such time as it first satisfied the condition precedent of making a timely request (i.e., giving notice) for reappraisal, and thereafter proffering proof, via appraisal(s), to substantiate its claim for increased rent (see *id.* at 396-397). Absent timely notice and proof demonstrating an increase in land value, plaintiff had no vested right to a rent increase, and thus could not argue a forfeiture of the same. The *J. N. A. Realty* holding is an exception to the general contract principle that the clear and unambiguous terms of a contract that govern the parties' dispute will be controlling and determinative of the issues between them. Equitable relief was afforded in *J. N. A. Realty* only because the tenant therein established a vested interest in the leasehold by way of proof that it had made recent substantial improvements to the premises and had accrued customer goodwill, all of which existed prior to the time the option to renew accrued.

To the extent plaintiff argues that the reappraisal notice provisions did not constitute an "option," meaning that strict compliance with the provisions was unwarranted or that time-of-the-essence considerations would not come into play, such is unavailing. Where a contract expressly requires written notice to be given within a specified time, the notice is ineffective unless the writing is actually received within the time prescribed (see *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373 [1986]). The instant reappraisal provisions not only called for timely notice, but provided a specific remedy in the event of an untimely notice. Interpretation of an unambiguous contract is a question of law for the court, and the provisions of the contract setting forth the rights of the parties would prevail over allegations asserted in a complaint (see *Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]).

Plaintiff's argument that the tenant should be equitably estopped from asserting strict adherence to the reappraisal time requirements because, in 1997, the tenant had "accepted" the landlord's unilateral goodwill decision to treat the tenant's own

late notice as timely, meaning the tenant essentially acquiesced to an interpretation that the subject notice should not be strictly construed, is unavailing. Plaintiff could not reasonably rely on the tenant's innocuous, passive conduct in 1997 to find a purported agreement between the parties to modify the lease. The complaint fails to plead adequately a rightful reliance by the landlord upon the acts or deeds of the tenant corporation that brought about a change in plaintiff's own position (*see generally Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175 [1982]), or a clear intent by the defendant to relinquish its rights under the lease's reappraisal provisions. Absent allegations to support an equitable estoppel claim, the lease's no-oral-modification clause precludes modification of the lease terms other than by a written instrument signed by the party to be charged (*see generally Hollinger Digital v LookSmart, Ltd.*, 267 AD2d 77 [1999]; *cf. Lusker v Tannen*, 90 AD2d 118, 121-124 [1982]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.