■ EVE & MIKE PHARMACY, INC., Appellant, v GREENWICH POOH, LLC, Respondent. [968 NYS2d 22]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 5, 2011, which granted summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendant landlord issued a notice of termination of plaintiff's lease that it subsequently withdrew after the commencement of this action. Upon withdrawal of the notice, plaintiff's request for a judicial declaration as to the legal effect or "nullity" of the notice was rendered moot. Accordingly, plaintiff's first cause of action seeking a declaratory judgment was properly dismissed (*see New York Foreign Trade Zone Operators, Inc. v State Liq. Auth.*, 285 NY 272, 276 [1941]).

Plaintiff claims that by taking more than the 30 days allotted by the lease to respond to its request for an assignment of the lease, defendant "waived the benefits of Lease rider paragraph 54." This is inconsistent with the plain language of paragraph 54 which provides that if defendant "does not so elect to terminate the Lease by giving notice of such termination within thirty (30) days after receipt of the Assignment/Subletting Statement or if [defendant] does not have the right to terminate the Lease . . . , then [defendant] shall either consent or withhold consent to the proposed transaction" (*see Provident Loan Socy. of N.Y. v 190 E. 72nd St. Corp.*, 78 AD3d 501, 501-502 [1st Dept 2010]).

By failing to submit the issue of defendant's denial of consent to arbitration, as required by the lease, plaintiff waived its opportunity to challenge defendant's action. Even if plaintiff had

submitted the dispute to arbitration and received a determination that defendant unreasonably withheld consent, it would not be entitled to damages because the lease limits plaintiff's remedies and specifically provides that "the party who shall have refused or failed to give such consent shall not have any liability to the other party therefor." Thus, plaintiff's second cause of action, to the extent it relates to any damages alleged to flow from the loss of its potential assignee, was properly dismissed.

Plaintiff is not entitled to a judicial declaration regarding defendant's withholding of consent because it failed to submit the matter to arbitration as required by the lease. Concur—Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.