■ Rhodium Special Opportunity Fund, LLC, Appellant, v Life Trading Holdco, LLC, Respondent, et al., Defendants. [8 NYS3d 561]—

Order, Supreme Court, New York County (Melvin L. Schweizer, J.), entered April 2, 2014, which granted defendant Life Trading Holdco, LLC's (defendant) motion to dismiss pursuant to CPLR 3211 (a) (1), unanimously affirmed, with costs.

Contrary to plaintiff's assertion, the parties' confidentiality agreement was unambiguous, and by its plain language barred any claim for failing to negotiate or enter into a transaction to purchase the assets at issue, unless and until the parties had signed a definitive written agreement (*see Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d 1, 13-14 [1st Dept 2009]). Thus, defendant's submission of the confidentiality agreement, coupled with plaintiff's failure to plead the existence of the requisite agreement, was fatal to plaintiff's complaint (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 172-173 [1st Dept 2007]). The requirement of an executed, definitive written agreement was also fatal to plaintiff's claims, first asserted on appeal, of breach of the covenant of good faith (*see id.*) and promissory estoppel (*Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213 [1st Dept 2005]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.