■ New York Military Academy, Respondent, v NewOpen Group et al., Appellants. [36 NYS3d 199]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated December 3, 2013, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

The plaintiff and the defendants executed a letter of intent regarding a potential joint venture and loan. The letter of intent provided that parties "shall negotiate to arrive at mutually acceptable Definitive Agreements" regarding the potential joint venture and loan. The letter of intent further provided that the parties "each reserve the right to withdraw from further negotiations at any time if, in the sole judgment of either or both, it is in either Party's best interest to do so, without further liability or obligation to the other." After negotiations broke down, the plaintiff commenced this action, asserting causes of action alleging breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and fraud. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court denied the motion. The defendants appeal.

The Supreme Court should have granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, as documentary evidence, in the form of the letter of intent, utterly refuted the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (see CPLR 3211 [a] [1]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]). " '[I]t is rightfully well settled in the common law of contracts in this State that a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable' " (*Goodstein Constr. Corp. v City of New York*, 67 NY2d 990, 993 [1986], quoting *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). Here, the letter of intent demonstrated that the plaintiff's allegations of breach of contract related to a mere agreement to agree (see *2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1022 [2008]; *Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213 [2005]; *Aksman v Xiongwei Ju*, 21 AD3d 260, 261-262 [2005]). Further, causes of action sounding in promissory estoppel and fraud require reasonable reliance on an alleged promise or misrepresentation (see *Nabatkhorian v Nabatkhorian*, 127 AD3d 1043, 1044 [2015]; *Rock v Rock*, 100

AD3d 614, 616 [2012]). Here, in light of the language of the letter of intent, any reliance on the defendants' alleged promises and representations would, as a matter of law, have been unreasonable (*see Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d at 214; *Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 281-282 [1997]). Finally, the language of the letter of intent utterly refuted the plaintiff's allegations regarding an alleged breach of the covenant of good faith and fair dealing (*see 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d at 1022-1023; *Prestige Foods v Whale Sec. Co.*, 243 AD2d at 281-282; *Bernstein v Felske*, 143 AD2d 863, 865 [1988]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.