■ DCR Mortgage VI Sub I, LLC, Respondent, v Peoples United Financial, Inc., Appellant. [50 NYS3d 144]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 7, 2015, as denied its motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated June 2, 2015, as denied that branch of its motion which was for leave to renew its prior motion for summary judgment, and, upon granting reargument, adhered to the prior determination made in the order dated January 7, 2015, denying its motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated January 7, 2015, is dismissed, as that order was superseded by the order dated June 2, 2015, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated June 2, 2015, as denied that branch of the defendant's motion which was for leave to renew its prior motion for summary judgment dismissing the complaint is dismissed as academic in light of our determination; and it is further,

Ordered that the order dated June 2, 2015, is reversed insofar as reviewed, on the law, upon reargument, the determination in the order dated January 7, 2015, denying the defendant's motion for summary judgment dismissing the complaint is vacated, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In April and May of 2014, the plaintiff, as prospective purchaser, and the defendant, as prospective seller, executed a series of letters of intent regarding the plaintiff's offer to buy a commercial mortgage from the defendant. The letters contained only minimal terms and did not attach or refer to any separate term sheet or form of definitive agreement. Notably, each of the letters contained the following language: "All terms and conditions referenced herein are non-binding and subject to [p]urchaser's satisfactory due diligence review of the loan in its sole discretion and negotiation of a mutually agreed upon Loan Sale Agreement between [p]urchaser and [s]eller." It is undisputed that the parties never finalized a mutually agreed upon loan sale agreement, and that the subject loan was refinanced by the defendant's borrower prior to the closing deadline set forth in the most recent letter of intent.

Thereafter, the plaintiff commenced this action seeking to enforce the most recent letter of intent as a binding preliminary agreement, and asserting causes of action alleging breach of contract and breach of the implied covenant of good faith and fair dealing, and for specific performance. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that none of the letters of intent gave rise to a legal, valid, and binding agreement enforceable against it. The Supreme Court denied the motion, and upon reargument, adhered to its original determination. The defendant appeals.

"To form a binding contract there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016] [internal quotation marks and citations omitted]; *see Emigrant Bank v UBS Real Estate Sec., Inc.*, 49 AD3d 382 [2008]). By contrast, a mere "agreement to agree," which is expressly conditioned on

the execution of a definitive agreement satisfactory in form and substance to both parties, does not give rise to an enforceable contract (*New York Military Academy v NewOpen Group*, 142 AD3d 489, 490 [2016]; *see Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213 [2005]; *Aksman v Xiongwei Ju*, 21 AD3d 260 [2005]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the letters of intent, by their own terms, were nonbinding, and that the formation of an enforceable agreement for the purchase and sale of the subject loan was expressly conditioned, inter alia, on the finalization of a definitive agreement (*see 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1022 [2008]; *Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213 [2005]; *HDA Parking Devs. v Mount Vernon Hosp.*, 260 AD2d 350, 350-351 [1999]; *Carmon v Soleh Boneh Ltd.*, 206 AD2d 450, 450-451 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court, upon reargument, should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.