GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C. (2019 NY Slip Op 00405)





GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C.


2019 NY Slip Op 00405


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


652296/15 8186 8185

[*1]GE Oil & Gas, Inc., Plaintiff-Respondent,
v
Turbine Generation Services, L.L.C., et al., Defendants-Appellants.
Turbine Generation Services, L.L.C., et al., Third-Party Plaintiffs-Appellants,
v
General Electric Company, Third-Party Defendant-Respondent.


Mintz & Gold LLP, New York (Elliot Sagor of counsel), for appellants.
Reed Smith LLP, New York (Casey D. Laffey of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 10, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff and third-party defendant's (together, the GE Parties) motion to dismiss defendants/third-party plaintiffs' (the TGS Parties) promissory estoppel and fraud claims and granted leave to amend the breach of contract claim (failure to negotiate in good faith) only to Turbine Generation Services, L.L.C. (TGS), unanimously affirmed, with costs. Order, same court and Justice, entered July 18, 2017, which, insofar as appealed from as limited by the briefs, denied the TGS Parties' motion to replead their promissory estoppel claim, unanimously affirmed, with costs.
The motion court correctly dismissed the TGS Parties' fraud claim, which is premised on the GE Parties' alleged promise that they would provide funding as agreed in the term sheet, because the alleged promise is not a misrepresentation of fact but a nonactionable statement of prediction or expectation (see Naturopathic Labs. Intl., Inc. v SSL Ams., Inc., 18 AD3d 404 [1st Dept 2005]; see also e.g. Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478, 479 [1st Dept 2010]). While the statement would be deemed a material misstatement of fact if the GE Parties knew that it was false (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275 [1st Dept 2005]), the TGS Parties' claim fails to set forth facts from which the GP Parties' scienter can be inferred (see Giant Group v Arthur Andersen LLP, 2 AD3d 189, 190 [1st Dept 2003]).
Even if, arguendo, the fraud claim satisfied the elements of scienter and a misrepresentation of a material existing fact, it would still fail for lack of justifiable or reasonable reliance, because the term sheet explicitly required "definitive documentation" before it would constitute a contractual commitment (see StarVest Partners II, L.P. v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]; see also Naturopathic, 18 AD3d at 405).
For the same reason, the promissory estoppel claim fails for lack of justifiable reliance (see e.g. Hollinger Digital v LookSmart, Ltd., 267 AD2d 77 [1st Dept 1999]; Prospect St. Ventures I, LLC v Eclipsys Solutions Corp., 23 AD3d 213 [1st Dept 2005]; Jordan Panel Sys. Corp. v Turner Constr. Co., 45 AD3d 165, 179-180 [1st Dept 2007]; Prestige Foods v Whale Sec. Co., 243 AD2d 281 [1st Dept 1997]).
The third amended counterclaims and third amended third-party complaint did not [*2]remedy the above defect in the promissory estoppel claim. Hence, the motion court providently exercised its discretion in denying the TGS Parties' motion for leave to amend that claim (see e.g. Peach Parking Corp. v 346 W. 40th St., LLC, 42 AD3d 82, 86 [1st Dept 2007]).
Moreno is not a party to the term sheet. Thus, the court correctly dismissed his claim for breach of the term sheet and providently exercised its discretion in denying his motion for leave to amend that claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK