Howard v Evans (2020 NY Slip Op 07872)





Howard v Evans


2020 NY Slip Op 07872


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-06403
 (Index No. 605616/16)

[*1]Alexandra Cushing Howard, etc., appellant,
v
Lisa McGrath Evans, respondent.


Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered June 5, 2017. The order granted the defendant's motion for summary judgment, in effect, declaring that the parties did not have an enforceable agreement obligating her to effectuate a property subdivision and dismissing the second, third, and fourth causes of action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The parties each have a 50% membership interest in The Cushing/McGrath Family, LLC (hereinafter the LLC), and are the managing directors of the LLC, which is the owner of approximately 36.4 acres of real property located in the Village of Brookville (hereinafter the property). In December 2012, the parties executed an amended and restated operating agreement, which provided, inter alia, that the LLC will use "commercially reasonable efforts" to subdivide the property "substantially in accordance with" an attached plan designating "Area A" and "Area B," "provided, however, that the actual final delineation of the boundary between the areas designated as 'Area A' and 'Area B' . . . shall be as the Managing Directors may agree and shall be subject to approval by the relevant local government authorities" (hereinafter the subdivision provision). In July 2016, the plaintiff, individually, and derivatively on behalf of the LLC, commenced this action, among other things, for a judgment declaring that the parties have an enforceable agreement obligating the defendant to effectuate the subdivision, and to recover damages for breach of contract. Thereafter, the defendant moved for summary judgment, in effect, declaring that the parties did not have an enforceable agreement obligating her to effectuate the subdivision and dismissing the second, third, and fourth causes of action. In an order entered June 5, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'To form a binding contract there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms'" (DCR Mtge. VI Sub I, LLC v Peoples United Fin., Inc., 148 AD3d 986, 987, quoting Stonehill Capital Mgt., LLC v Bank of the W., 28 NY3d 439, 448 [*2][internal quotation marks and citation omitted]). Here, the defendant established, prima facie, that the subdivision provision did not constitute a binding agreement obligating the defendant to effectuate the proposed subdivision (see Mizrahi v Cohen, 104 AD3d 917, 919). Rather, the subdivision provision was expressly conditioned upon a "final delineation of the boundary . . . as the Managing Directors may agree and . . . subject to approval by the relevant local government authorities." In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Furthermore, the defendant's motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the defendant (see CPLR 3212[f]; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the parties did not have an enforceable agreement obligating the defendant to effectuate the subdivision (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court