GCS Realty Co. Inc. v Nesheiwat (2024 NY Slip Op 50816(U))

[*1]

GCS Realty Co. Inc. v Nesheiwat

2024 NY Slip Op 50816(U)

Decided on June 21, 2024

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2024
City Court of Yonkers

GCS Realty Co. Inc. d/b/a Royal Realty Company, Petitioner

against
Neveen M. Nesheiwat, Respondent

Index No. LT-0539-24

Steven E. Waldinger, Esq.
Gettinger Waldinger & Monteleone, LLP
118 North Bedford Road, Suite 300
Mount Kisco, NY 10549
Andrew M. Romano, Esq.
55 Main Street, 3rd Floor
Yonkers, NY 10701

Ada D. Medina, J.

The following papers numbered 1-3 were read and considered on respondent's motion to dismiss.
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Affirmation/Affidavits in Opposition 2
Notice of Petition and Petition 3
On February 15, 2024, petitioner filed a Notice of Petition and Petition against respondent regarding a holdover matter. On April 11, 2024, respondent filed the instant motion to dismiss and petitioner submitted opposition on May 2, 2024.
Respondent asserts the parties executed a lease renewal on or about January 5, 2021 and petitioner has accepted increased rent since that time (Respondent's Affidavit dated April 5, 2024, paras. 2-3). Respondent submits a fully executed "Letter of Intent" dated January 5, 2021 for a "five-year lease agreement covering the period 02/01/21-01/31/26" and which provides a rent amount schedule for the relevant years (Respondent's Exhibit A). As such, respondent asserts a lease agreement is in effect until January 31, 2026 and seeks to dismiss the instant holdover proceeding as it was commenced while a lease is in effect (id.). 
In opposition, petitioner argues the executed "Letter of Intent" is not a valid binding lease renewal as the "Letter of Intent" specifically states "[t]his offer is subject to modifications and/or cancellation by Landlord. Landlord's right exists even after agreed and accepted by Tenant and that no binding lease agreement exists until said time that a formal lease is fully executed by [*2]Landlord and Tenant" (Petitioner's Opposition, para. 10; Exhibit 2). Petitioner contends the parties never entered into a formal lease agreement after the fully executed "Letter of Intent" (id. at para. 11). As such, petitioner asserts respondent became a month-to-month tenant. Petitioner further asserts respondent has violated the prior lease agreement and such violation is the basis to terminate respondent's month-to-month tenancy (id. at 5-6, 13). Therefore, petitioner contends a valid holdover proceeding was commenced.
Lease Agreement
Real Property Law § 232-c states:
Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.
(emphasis added). In order for this Court to determine whether an agreement, express or implied, was created this Court must look to the certain and/or undisputed state of facts which would establish a contract (Calkins Corporate Park, LLC v. Eye Physicians and Surgeons of Western New York, PLLC, 56 AD3d 1122, 1123 [4th Dep't 2008]). Furthermore,
[i]n order for an agreement, oral or written, to be enforceable as a lease, all the essential terms must be agreed upon[,] include[ing] the area to be leased, the duration of the lease, and the price to be paid
(id.).
Based on the facts of the instant matter, this Court finds the parties entered into an implied agreement to pay rent (RPL § 232-c). Therefore, respondent is not a month-to-month tenant (id.). Here, it is undisputed the parties executed a "Letter of Intent" dated January 5, 2021. Said document indicates all the essential terms of a lease agreement. The area to be leased: 35 East Grassy Sprain Road, Suite 201, Yonkers, New York 10710; the duration of the lease: February 1, 2021 to January 31, 2026; and the price to be paid: $2,200.00 per month and increasing $50.00 per year thereafter. Petitioner does not dispute respondent has paid rent pursuant to the payment schedule indicated in the "Letter of Intent" for three (3) years after the prior lease expired.
Petitioner fails to assert a reason as to why they accepted respondent's rent payments for three (3) years after expiration of the lease yet failed to enter into a formal lease renewal. Despite the "Letter of Intent" indicating " no binding lease agreement exists until said time that a formal lease is fully executed by Landlord and Tenant," this Court finds, "the fact that [the "Letter of Intent"] provides for the subsequent execution of a more formal writing which [was] not done[] does not impair its effectiveness" (id. at 1124). Here, the parties' "Letter of Intent" was more than a mere agreement to agree as there were no material terms left for future negotiations (see New York Military Academy v. NewOpen Group, 142 AD3d 489 [2nd Dep't 2016]).
Conclusion
Based on the foregoing, this Court finds the parties entered into a renewal lease [*3]agreement and therefore, respondent is not a month-to-month tenant. Respondent's motion to dismiss is hereby GRANTED and petitioner's Notice of Petition and Petition is hereby DISMISSED without prejudice. 
Should petitioner elect to re-file a Notice of Petition and Petition, petitioner is to fully comply with the provisions of the Housing Stability and Tenant Protection Act of 2019 ("HSTPA") and RPL § 226-c.