■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v XEROX CORPORATION et al., Respondents, et al., Defendant. [807 NYS2d 344]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 5, 2005, which, to the extent appealed from, granted in part defendants' motions to dismiss the complaint and denied plaintiff's motion to replead, unanimously affirmed, with costs.

The cause of action alleging breach of a condition precedent contained in the binder issued to defendants was properly dismissed. The binder and the policy here were two distinct agreements (see Springer v Allstate Life Ins. Co. of N.Y., 94 NY2d 645, 651 [2000]; World Trade Ctr. Props. L.L.C. v Hartford Fire Ins. Co., 345 F3d 154, 166 [2003]; and see Insurance Law § 3203 [a] [4]; § 3204 [a] [1]), and the policy clearly stated that the policy, together with the applications and endorsements, was the entire contract. The condition precedent was not included in the policy, attached to it, or referenced by it, and the binder gave no indication that the condition precedent was meant to be included in the policy. Moreover, the condition precedent contained in the binder may not be used to void the policy. The policy covered acts and omissions occurring prior to the effective date of the policy, but the binder's condition precedent precluded such coverage if there were any change of risk.

Similarly, the court properly dismissed plaintiff's claims based on material misrepresentation and fraudulent inducement, grounded on defendant Xerox's filing of purportedly false financial statements during the time after issuance of the binder, but prior to the policy. In their respective settlements

with the Securities and Exchange Commission (SEC), defendants did not admit guilt, and the consent agreements specifically precluded any collateral estoppel effect and did not preclude defendants from taking positions contrary to the settlements in any litigation in which the SEC was not a party. Thus, defendants did not admit the falsity of their financial statements for purposes of this litigation or any claim which might be brought regarding those financial statements. Furthermore, plaintiff could not reasonably rely on the allegedly false financial statements because the policy expressly stated that plaintiff relied on the statements and declarations in the application for coverage, and plaintiff has not alleged that the financial statements were contained in any such application (*see In re HealthSouth Corp.*, 308 F Supp 2d 1253, 1281 [2004]). Moreover, the policy is directly inconsistent with plaintiff's assertion that had it known that the financial statements were false, it would not have issued coverage, since plaintiff issued the policy covering the very act of filing false financial statements, unless such falsity is actually adjudicated to be deliberately fraudulent. Accordingly, the policy itself negates any claim that plaintiff reasonably relied on the insured's financial statements (*see Sandcham Realty Corp. v Taub*, 299 AD2d 220 [2002]; *Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232 [1998]).

The court properly dismissed plaintiff's claim for breach of defendants' duty of good faith and fair dealing since it is merely a substitute for plaintiff's nonviable contract claims (*see Triton Partners v Prudential Sec.*, 301 AD2d 411 [2003]). The covenant of good faith and fair dealing cannot be construed so broadly as to effectively nullify other express terms of the contract, or to create independent contractual rights (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]).

Defendant's claim for reimbursement or unjust enrichment, in the event that any derivative action brought by shareholders on behalf of Xerox results in recovery to Xerox, has no legal foundation. The payment made by plaintiff to the individual defendants here, officers and directors of Xerox, would be made pursuant to coverage afforded them, not Xerox, with no recovery if actual fraud is found.

The court also properly dismissed plaintiff's claim based on the known loss doctrine (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Stroh Cos., Inc.*, 265 F3d 97, 106 [2001]). At most, defendants knew of a risk, not a loss.

The court properly denied plaintiff's motion to replead, since plaintiff has not demonstrated that its amended pleadings would

remedy the deficient claims, which have been dismissed on the basis of the plain language of the binder and the policy. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ. [*See* 6 Misc 3d 763 (2004).]