■ Madison Apparel Group Ltd., Appellant, v Hachette Filipacchi Presse, S.A., et al., Respondents. [861 NYS2d 296]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered January 2, 2008, which, to the extent appealed from, granted defendants' motion to dismiss the complaint to the extent of concluding that the complaint did not state a claim for fraudulent concealment, deeming the cause of action for fraudulent concealment a cause of action for fraudulent misrepresentation and dismissing the cause of action for breach of the implied covenant of good faith and fair dealing, unanimously modified, on the law, to reinstate the cause of action for fraudulent concealment, and otherwise affirmed, without costs.

The complaint alleges that defendants had peculiar and superior knowledge of their ongoing negotiations with a third-party licensee, that plaintiff was unable to discern such negotiations through the use of reasonable intelligence or due diligence, and that defendants were aware that plaintiff sought to terminate the parties' agreement at least in part due to its lack of knowledge about the negotiations. These allegations, which for purposes of this motion to dismiss pursuant to CPLR 3211 (a) (7) we accept as true and view in a light most favorable to plaintiff, invoke the "special facts" doctrine, pursuant to which defendants had a duty to disclose the negotiations (*see Black v Chittenden*, 69 NY2d 665, 668-669 [1986]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 327-328 [1996]; *Travelers Indem. Co. of Ill. v CDL Hotels USA, Inc.*, 322 F Supp 2d 482, 499 [SD NY 2004]). The complaint sufficiently alleges the remaining four elements of a claim for fraudulent concealment (*see P.T. Bank*

*Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]).

Applying the implied covenant of good faith and fair dealing in the manner urged by plaintiff would effectively create an independent contractual right that was not bargained for by the parties (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp.*, 25 AD3d 309, 310 [2006], *lv dismissed* 7 NY3d 886 [2006]). Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ. [*See* 2007 NY Slip Op 34211(U).]