Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered October 7, 2008, in an action alleging, inter alia, breach of a lease, dismissing the amended complaint pursuant to an order, same court and Justice, entered October 6, 2008, which granted defendants’ motion for summary judgment and denied plaintiff’s cross motion for summary judgment on its fourth cause of action, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court properly determined that defendants were *581 permitted to restrict the use of the retail space in the subject building offered to plaintiff and further, that defendants had no obligation to offer plaintiff such retail space on the same terms offered to another commercial tenant, as plaintiffs rights to a first offer had not yet accrued. Section 39.05 of the 1996 lease clearly and unambiguously granted defendants the discretion to dictate the terms upon which plaintiff would be allowed to return following the construction of the new building. This clear and complete writing must be enforced according to its plain terms (see Nola Realty LLC v DM & M Holding L.L.C., 33 AD3d 523, 526 [2006]), without reference to parol or extrinsic evidence (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). Furthermore, the implied covenant of good faith and fair dealing inherent in every contract cannot be used to create terms that do not exist in the writing (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp., 25 AD3d 309, 310 [2006], lv dismissed 7 NY3d 886 [2006]). Concur—Mazzarelli, J.P., Ándrias, Moskowitz, Renwick and Richter, JJ. [See 2008 NY Slip Op 33149CU).]