■ HEALTHWAVE INCORPORATED et al., Respondents, v NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED MAINTAINING THE HOSPITAL FOR SPECIAL SURGERY, Doing Business as HOSPITAL FOR SPECIAL SURGERY, et al., Defendants, and JOHN R. REYNOLDS, Appellant. [952 NYS2d 504]—

Dismissal of the fraudulent inducement claim as against Reynolds was not warranted at this stage of the litigation. The record shows that plaintiffs raised the inference that their exercise of reasonable diligence was fruitless under the circumstances by alleging that defendants' fraudulent conduct was not readily apparent and could not have been discovered through ordinary intelligence based upon a review of the available documents (see e.g. Madison Apparel Group Ltd. v Hachette Filipacchi Presse, S.A., 52 AD3d 385 [1st Dept 2008]). Nor were plaintiffs required, under the circumstances, to engage in heightened due diligence.

The alleged representations made by Reynolds do not consist of non-actionable statements of future opinions, intentions or expectation. Rather, plaintiffs alleged misrepresentations of Reynolds' present intention, as well as future promises and statements of expectations, for which there are allegations that would support the inference that they were made with a present intention that they would not be carried out (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275 [1st Dept 2005]; Pease & Elliman, Inc. v Wegeman, 223 App Div 682, 684 [1st Dept 1928]).

The parties' agreement contained a general merger clause,

which does not operate to preclude plaintiffs' claim of fraudulent inducement (*see LibertyPointe Bank v 75 E. 125th St., LLC*, 95 AD3d 706 [1st Dept 2012]; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d at 275). Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.