■ 192ND STREET LLC, Respondent, v 569 WEST 192ND STREET, LLC, et al., Appellants. [34 NYS3d 41]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about October 21, 2014, which granted plaintiff's motion for summary judgment directing specific performance of the contract and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly determined that the real property contract of sale containing a handwritten clause concerning the property's purchase price was enforceable. The handwritten clause provided that "if any lender's appraisal shows a

value of the premises less than the purchase price, then the purchase price should be reduced to such appraised value." Since the purchase price could be determined objectively when read in the context of the overall agreement, the clause did not render the contract indefinite (*see Tonkery v Martina*, 78 NY2d 893 [1991]).

Nor was the contract unconscionable, even if the clause at issue favored plaintiff (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]). There was no lack of experience and education or a disparity in bargaining power, as both parties to the transaction were experienced real estate investors who negotiated through their attorneys for the sale of a multi-million dollar property. Plaintiff did not utilize deceptive or high-pressured tactics or fine print in the contract, and the record shows that the fair market value determined by the appraisal was not so low that it was substantively unconscionable.

Defendants did not demonstrate that plaintiff breached the implied covenant of good faith and fair dealing given the lack of any evidence of bad faith, and since such a claim would nullify the express terms of the contract (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp.*, 25 AD3d 309, 310 [1st Dept 2006], *lv dismissed* 7 NY3d 886 [2006]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.