McGraw-Hill Educ., Inc. v Illinois Natl. Ins. Co. (2019 NY Slip Op 08960)





McGraw-Hill Educ., Inc. v Illinois Natl. Ins. Co.


2019 NY Slip Op 08960


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


655708/16 10124A 10124

[*1] McGraw-Hill Education, Inc., Plaintiff-Appellant-Respondent,
v
Illinois National Insurance Company, et al., Defendants-Respondents-Appellants.


Dykema Gossett PLLC, Washington, DC (Lewis K. Loss of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant-respondent.
Carlton Fields, P.A., New York (Robert Novack of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 10, 2019, which denied plaintiff's motion for summary judgment declaring that defendants are obligated to provide insurance coverage in the underlying copyright actions, unanimously reversed, on the law, with costs, and the motion granted. Order, same court and Justice, entered on or about January 17, 2019, which denied defendants' motion for summary judgment declaring in their favor, unanimously affirmed, with costs. The Clerk is directed to enter judgment declaring that defendants are obligated to provide insurance coverage in the underlying copyright actions.
Exclusions I and D of the insurance policies, which preclude coverage for claims arising out of a contract, do not apply here. For a claim to "arise" out of a contract, the existence of the contract must be the "but for" cause of the loss (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352 [1996]). Although the parties had license agreements, the licensors could have brought claims based on copyright regardless of whether a contract had ever been entered into; thus, the contract is not the but for cause of the loss (see Bridge Metal Indus., LLC v Travelers Indem. Co., 559 Fed Appx 15, 19-20 [2d Cir 2014]).
Exclusion G, which precludes coverage for claims arising, as relevant here, out of intentional violation of law or gaining profit or advantage to which the insured is not legally entitled, does not apply. The relevant policy provision with regard to infringement of copyright is in the definition of damages, which bars coverage only where it is "judicially determined" that the violation was intentional and was carried out by a senior vice president, or someone more senior, of plaintiff. This specific clause controls over the general provision in exclusion G relating to intentional violations of law (see e.g. Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 8 [1st Dept 1998] ["(I)f there is an inconsistency between a general provision and a specific provision of a contract, the specific provision controls"]).
Further, there has been no such judicial determination in the underlying actions. Defendants cannot litigate that issue in the coverage action (see generally National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp., 6 Misc 3d 763, 776 [Sup Ct, NY County 2004], affd 25 AD3d 309 [1st Dept 2006], lv dismissed 7 NY3d 886 [2006]). Had defendants desired the right to litigate that issue here, they could have provided for it through appropriate language in the exclusion (see e.g. Darwin Natl. Assur. Co. v Luzerne County Transp. Auth., 2016 WL 1242283, *4, 2016 US Dist LEXIS 41733, *13-14 [MD Pa., Mar. 30, 2016]).
Nor does the fortuity doctrine apply to bar coverage. The fortuity doctrine has been applied to insurance policies under which coverage is triggered by an "accident" or "occurrence" (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 220 [2002]; see also [*2]Chase Manhattan Bank v New Hampshire Ins. Co., 193 Misc 2d 580, 592 [Sup Ct, NY County 2002]). One of the express purposes of the policies in this case, however, was to provide coverage for a defined risk: "claims arising out of . . . infringement of common law or statutory copyright." Thus, invoking the fortuity doctrine would render that portion of the policy illusory.
Although the issue is rendered moot by our ruling on the exclusions, we note that defendants' letters were effective to reserve their right to recoupment (see generally United Specialty Ins. Co. v CDC Hous., Inc., 233 F Supp 3d 408, 414 [SD NY 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK