Fiore Fin. Corp. v Gaea N. Am., LLC (2020 NY Slip Op 00678)





Fiore Fin. Corp. v Gaea N. Am., LLC


2020 NY Slip Op 00678


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


650742/18 10922A 10922

[*1] Fiore Financial Corporation, Plaintiff-Respondent,
v
Gaea North America, LLC, Defendant-Appellant.


Rotbert Business Law, P.C., New York (Mitchell J. Rotbert of counsel), for appellant.
Greenberg Traurig, LLP, New York (William Wargo of counsel), for respondent.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 12 2019, granting plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 3, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff properly showed that the promissory note at issue contained an unconditional promise to pay, that defendant executed the note, and that defendant failed to pay in accordance with the note's terms. The motion court properly rejected defendant's claim that the note falls outside the scope of CPLR 3213 because it refers to a "contemplated management agreement" which the parties never ultimately entered.
"A document does not qualify for CPLR 3213 treatment if the court must consult other materials besides the bare document and proof of nonpayment, or if it must make a more than de minimis deviation from the face of the document" (PDL Pharmaceuticals, Inc., v Wohlstadter, 147 AD3d 494, 495 [1st Dept 2017; see Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]). Here, where the parties agreed that they had not entered into the "contemplated management agreement" by October 31, 2016, that is the type of "de minimis" information which does not preclude relief under CPLR 3213.
The motion court properly rejected defendant's argument that plaintiff had an obligation to enter into or negotiate a management agreement (see Vanlex Stores, Inc. v BFP 300 Madison II, LLC, 66 AD3d 580, 581 [1st Dept 2009] ["the implied covenant of good faith and fair dealing inherent in every contract cannot be used to create terms that do not exist in the writing"];
National Union Fire Ins. Co. v Xerox Corp., 25 AD3d 309, 310 [1st Dept 2006] [claim of breach of implied covenant only viable where identifiable contractual right denied].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK