King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC (2020 NY Slip Op 06230)





King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC


2020 NY Slip Op 06230


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 154084/18 Appeal No. 12244 Case No. 2019-5732 

[*1]King Penguin Opportunity Fund III, LLC, Plaintiff-Appellant,
v
Spectrum Group Management LLC Also Known as, Spectrum Origination LLC, Defendant-Respondent, Mission Capital Advisors, LLC, Defendant.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Faegre Drinker Biddle & Reath LLP, New York (Andrew L. Van Houter of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 5, 2019, which, inter alia, granted defendant Spectrum's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff failed to plead justifiable reliance so as to state a claim for fraudulent inducement, negligent misrepresentation, and promissory estoppel. "Where a term sheet or other preliminary agreement explicitly requires the execution of a further written agreement before any party is contractually bound, it is unreasonable as a matter of law for a party to rely upon the other party's promises to proceed with the transaction in the absence of that further written agreement" (StarVest Partners II, L.P. v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]). Here, as the term sheet explicitly requires "satisfactory completion of Lender's due diligence and execution of written loan documents" before the parties are contractually bound, it was "unreasonable as a matter of law" for plaintiff to rely upon the representations in the term sheet to proceed with the transaction (id.; see also GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C., 168 AD3d 563 [1st Dept 2019]; Prospect St. Ventures I, LLC v Eclipsys Solutions Corp., 23 AD3d 213, 214 [1st Dept 2005]).
Plaintiff contends that the nonbinding effect of the term sheet should be ignored because the term sheet did not specifically disclaim reliance on defendant's prior oral representations, which were set forth in the term sheet (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]). A specific disclaimer of reliance, however, is not necessary to find lack of justifiable reliance, as demonstrated in StarVest. Further, plaintiff cannot logically argue that defendant's oral misrepresentations fraudulently induced it to execute the term sheet, which was expressly nonbinding. Plaintiff also contends that it may disclaim reliance on misrepresentations of facts that are peculiarly within defendant's knowledge, (see Basis Yield, 115 AD3d at 139). Specifically, it claims that it had no way of knowing that defendant had no intention of issuing a loan under the terms delineated in the term sheet. This argument is unavailing, as defendant had made clear in the term sheet that it had no intent to issue a loan until satisfaction of due diligence and execution of written loan documents.
Plaintiff also failed to allege actionable misrepresentations by defendant. "General allegations of lack of intent to perform are insufficient; rather, facts must be alleged establishing that the adverse party, at the time of making the promissory representation, never intended to honor the promise" (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]; see Cronos Grp. Ltd. v XComIP, LLC, 156 AD3d 54, 71 [1st Dept 2017]). Here, plaintiff has not alleged facts from which it can be reasonably inferred that defendant never intended to offer a loan under the proposed terms in the term sheet (see CPLR 3016[b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]).
Plaintiff also has not pleaded a special relationship in support of its promissory estoppel claim. The allegations in the complaint and the term sheet itself is inconsistent with its characterization of the $150,000 it advanced as a "down payment," and of defendant as the "escrow agent." Rather, this matter involves "an arm's length business relationship between sophisticated parties," which does not give rise to a confidential or fiduciary relationship to support a negligent misrepresentation claim (J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506, 507 [1st Dept 2015]; see also MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 297 [1st Dept 2011]).
Defendant failed to state a claim for breach of the implied covenant of good faith and fair dealing. No implied covenant of good faith and fair dealing arises in the absence of a contract (see Keefe v New York Law School, 71 AD3d 569 [1st Dept 2010]; Jordan Panel Sys., Corp. v Turner Constr. Co., 45 AD3d 165, 180 [1st Dept 2007]). Here, the term sheet expressly denied the existence of a binding agreement (see Schneider v Jarmain, 85 AD3d 581 [1st Dept 2011]; Prospect St. Ventures I, 23 AD3d at 213). Contrary to plaintiff's contention, the term sheet was not a binding preliminary agreement that imposes an obligation on the parties to negotiate in good faith. The parties' intent to not be bound is explicit from the language of the term sheet disavowing any "binding commitment to provide credit" and requiring such commitment to be "contingent upon satisfactory completion of Lender's due diligence and execution of written loan documents" (see Zeno Inv., LLC v. Merrill Lynch & Co., Inc., 2009 WL 285402, 2009 NY Misc. LEXIS 4554 [Sup Ct, NY County 2009]).
The allegation that defendant charged "excessive due diligence fees against the down payment" is insufficient to plead a claim for breach of the implied covenant of good faith and fair dealing. The implied covenant may not be used to create new contractual obligations that were not bargained for (see Madison Apparel Group Ltd. V Hachette Filipacchi Presse, S.A., 52 AD3d 385, 386 [1st Dept 2008]). The term sheet expressly provided for plaintiff to make an "Expense Deposit" for due diligence and underwriting expenses, and defendant Spectrum's use of the funds for due diligence in accordance with the term sheet (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268 [1st Dept 2003]). Plaintiff's allegation that the $80,000 charged was grossly excessive is speculative. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020