644 E. 14th Realty LLC v Mount Sinai Health Sys., Inc. (2022 NY Slip Op 02938)

644 E. 14th Realty LLC v Mount Sinai Health Sys., Inc.

2022 NY Slip Op 02938

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 651941/20 Appeal No. 15848 Case No. 2021-01219 

[*1]644 E. 14th Realty LLC, Plaintiff-Respondent,
v
Mount Sinai Health System, Inc., Defendant-Appellant.

Duane Morris LLP, New York (Kevin J. Fee of counsel), for appellant.
Stein Adler Dabah & Zelkowitz, LLP, New York (Noam Besdin of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 11, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's breach of contract, promissory estoppel, and fraud claims, unanimously modified, on the law, to dismiss the promissory estoppel and fraud claims, and otherwise affirmed, without costs.
The motion court properly denied defendant's motion to dismiss plaintiff's claim for breach of the provision in the February 9, 2018 letter of intent entitling either party to a "breakup fee," which stated, "Should either party fail to execute a lease within 120 days of the execution date of this Letter of Intent, that party shall pay a fee equal to $2 million to the other party as compensation." Contrary to defendant's contention, this provision of the letter of intent is enforceable, as the language reflects the unambiguous terms of the agreement to pay the fee and an intent to be bound (Stonehill Capital Mgt., LLC v Bank of the W., 28 NY3d 439, 448 [2016]).
The promissory estoppel and fraud claims should have been dismissed. "Where a term sheet or other preliminary agreement explicitly requires the execution of a further written agreement before any party is contractually bound, it is unreasonable as a matter of law for a party to rely upon the other party's promises to proceed with the transaction in the absence of that further written agreement" (StarVest Partners II, L.P. v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]; see also King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 689 [1st Dept 2020]). Although the motion court credited plaintiff's argument with respect to the fraud claim that the special-facts doctrine could impose a duty to disclose defendant's negotiations with a third party based on defendant's superior knowledge of those negotiations (Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277 [1st Dept 2005]), here, as in King Penguin, plaintiff cannot establish justifiable reliance on defendant's promises to proceed with the transaction even if there was such a duty, as the letter of intent expressly stated that it "shall not bind" either party (187 AD3d at 689).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022