Cypress Gates, Inc. v Societe Generale, S.A. (2024 NY Slip Op 00968)

Cypress Gates, Inc. v Societe Generale, S.A.

2024 NY Slip Op 00968

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 656792/22 Appeal No. 1765 Case No. 2023-01158 

[*1]Cypress Gates, Inc. et al., Plaintiffs-Appellants,
v
Societe Generale, S.A. et al., Defendants-Respondents.

May, Potenza, Baran & Gillespie, P.C., New York (Grant L. Cartwright of counsel), for appellants.
Katten Muchin Rosenman LLP, New York (Anthony L. Paccione of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered February 3, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first, second, and third causes of action of the complaint, unanimously affirmed, with costs.
Supreme Court correctly dismissed the consumer fraud claim under General Business Law § 349. The financing transaction involved here was not consumer-oriented but involved a proposed loan of over $18 million in connection with a like-kind exchange of commercial property in compliance with Internal Revenue Code (26 USC) § 1031 (see Singh v City of New York, 40 NY3d 138, 148 [2023]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]). Further, the contemplated transaction was not based in New York (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 324-325 [2002]), but involved California residents exchanging properties in California and Tennessee.
Supreme Court also correctly dismissed the claims for breach of the implied covenant of good faith and fair dealing and promissory estoppel. The term sheet expressly stated that it was not a commitment, that no "offer, agreement, or commitment to lend" was created, and that the loan would be subject to execution of satisfactory documentation "and other such terms and conditions as [to be] determined solely" by defendants, which negates plaintiffs' claim (see King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 690 [1st Dept 2020]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426-427 [1st Dept 2010], lv denied 15 NY3d 704 [2010]). Given the language in the term sheet, it was unreasonable for plaintiffs to have relied upon defendants' alleged promises to proceed with the transaction (see 644 E. 14th Realty LLC v Mount Sinai Health Sys., Inc., 205 AD3d 405, 405 [1st Dept 2022]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024