| |
|---|
| **Lee v UDR, Inc.** |
| 2024 NY Slip Op 32400(U) |
| July 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151061/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. LOUIS L. NOCK__                     PART                38M

*Justice*

-------------------------------------------------------------------------------X

C.K. LEE and COURTNEY McPHAIL,                    INDEX NO.         151061/2023

                              Plaintiffs,                       MOTION DATE       06/07/2023

- v -                                            MOTION SEQ. NO.        002

UDR, INC., and COLUMBUS SQUARE 808, LLC,          **DECISION + ORDER ON**
                                                        **MOTION**
                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, and 40

were read on this motion to                      DISMISS                    .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendants' motion to dismiss the amended complaint is granted in part for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 23, 32, 39), and the exhibits attached thereto, in which the court concurs, as summarized herein.

In this proposed class action, plaintiff Courtney McPhail represents the class of current and former tenants of the building located at 808 Columbus Avenue, New York, New York during the applicable limitations period (amended complaint, NYSCEF Doc. No. 18, ¶ 3). Plaintiff C.K. Lee brings his claims individually. Defendant UDR, Inc., operates the building for defendant Columbus Square 808, LLC ("Owner"). The crux of the dispute centers around defendants' restriction of two of the three lanes of the building's pool to swim classes offered by nonparty SwimJim. The leases signed by plaintiffs provide that the use of the pool, as with all of the building's amenities, is restricted. Specifically, "Owner reserves the right to set the days and hours of use for all Amenities and to change the character of or close any Amenity based upon the needs of Owner and in Owner's sole and absolute discretion, without notice, obligation or

**151061/2023  LEE, C.K. ET AL vs. UDR, INC. ET AL**                                    **Page 1 of 6**
  **Motion No.  002**

[* 1]

recompense of any nature to Tenant" (2020 McPhail lease, NYSCEF Doc. No. 25 at 24, § I; 2018 Lee lease, NYSCEF Doc. No. 26 at 17, § I; 2021 Lee lease, NYSCEF Doc. No. 27 at 23, § I). Further, all tenants agreed "to assume all risks of every type, including but not limited to risks of personal injury or property damage, of whatever nature or severity except for landlord's negligence, related to [tenants'] use of the amenities" (*id.*).

Plaintiffs allege that defendants have breached their leases by allowing SwimJim to monopolize two thirds of the pool between 10 AM and 6 PM to offer swim lessons to non-tenants. Further, they claim that defendants have violated sections 349 and 350 of the General Business Law ("GBL") by featuring the pool in their advertising materials related to the building but not disclosing that the use of the pool was limited between 10 AM and 6 PM.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the [pleading] as true, accord[ing the nonmovant] the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in the nonmovant's favor (*JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "[W]here ... the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

**151061/2023   LEE, C.K. ET AL vs. UDR, INC. ET AL**
 **Motion No.  002**

**Page 2 of 6**

2 of 6

Turning first to the cause of action for breach of contract, this claim must be dismissed against defendant UDR, as it is not a party to the contract (*Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd.*, 184 AD3d 116, 121 [1st Dept 2020] ["It is a general principle that only the parties to a contract are bound by its terms"]).  As for Owner, plaintiffs do not allege breach of any specific provision of the leases, instead relying on the implied covenant of good faith and fair dealing. Implicit in every contract is a covenant of good faith and fair dealing (*Dalton v. Educational Testing Serv.*, 87 NY2d 384 [1995]).  The implied covenant exists only "in aid and furtherance of other terms of the agreement of the parties" (*Murphy v American Home Products Corp.*, 58 NY2d 293, 304 [1983]).  The covenant of good faith and fair dealing "cannot be construed so broadly as to effectively nullify other express terms of the contract, or to create independent contractual rights" (*National Union Fire Ins. Co. of Pittsburgh, PA v Xerox Corp.*, 25 AD3d 309, 310 [1st Dept 2006]).

Defendants argue that the absolute discretion conferred on Owner under the leases, as well as the waiver contained in the same provisions, should bar this claim.  The court, however, does not read these provisions as unambiguously as defendants.  Key to the court's determination is that Owner's right to alter the hours, character, and use of the pool is subject to both "the needs of Owner" and "Owner's sole and absolute discretion" (2020 McPhail lease, NYSCEF Doc. No. 25 at 24, § I; 2018 Lee lease, NYSCEF Doc. No. 26 at 17, § I; 2021 Lee lease, NYSCEF Doc. No. 27 at 23, § I).  The use of "and" rather than "or" suggests that the Owner must have some need in order to alter the use of the pool in the manner alleged.  This construction is supported by the earlier phrase in the same provision stating that permission to use the pool "may be revoked by owner at any time for any lawful reason" (*id.*).  At the very least, this provision is ambiguous as to the outer limit of "the needs of Owner."  Where a contract

**151061/2023   LEE, C.K. ET AL vs. UDR, INC. ET AL**
**Motion No.  002**

**Page 3 of 6**

provision is ambiguous, it is generally not susceptible to summary disposition (*Telerep, LLC v U.S. Intern. Media, LLC*, 74 AD3d 401, 402 [1st Dept 2010] [denying motion to dismiss where the contract was ambiguous]).

The waiver provision does not aid defendants. Plaintiffs agreed to assume all risks, other than those due to Owner's negligence, arising out of their *use* of the pool (2020 McPhail lease, NYSCEF Doc. No. 25 at 24, § I; 2018 Lee lease, NYSCEF Doc. No. 26 at 17, § I; 2021 Lee lease, NYSCEF Doc. No. 27 at 23, § I). Plaintiffs' complaint is that they are being prevented from using the pool at certain times, and does not arise out of their actual use of the pool.

Turning to the statutory causes of action, GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (GBL § 349 [a]). The statute is enforceable by the Attorney General, but private citizens may also sue to recover their actual damages or fifty dollars, whichever is greater (GBL § 349 [h]). GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." "To successfully assert a claim under General Business Law § 349 or § 350, a party must allege that its adversary has engaged in consumer-oriented conduct that is materially misleading, and that the party suffered injury as a result of the allegedly deceptive act or practice" (*Yellow Book Sales and Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 664-65 [2d Dept 2012]).

Here, plaintiffs do not allege materially misleading content. Plaintiffs suggest that the description of the building as a luxury apartment building and the publicly listed hours of the pool create a "net impression" that tenants' use of the pool will not be restricted by non-tenant swimming classes (memorandum of law in opposition, NYSCEF Doc. No. 35 at 12). However, a defendant's actions are only materially misleading "when they are likely to mislead a

**151061/2023   LEE, C.K. ET AL vs. UDR, INC. ET AL**
**Motion No.  002**

**Page 4 of 6**

4 of 6

[* 4]

reasonable consumer acting reasonably under the circumstances" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 178, *rearg denied*, 37 NY3d 1020 [2021] [internal quotation marks and citations omitted]). The provisions of the leases for the building provide in some manner that the use of the pool is subject to Owner's discretion. The court may find later that Owner has exercised its discretion in a manner giving rise to contract damages, but no reasonable consumer could read the provisions of the lease and conclude that they would have unfettered access to the pool at all times.

Accordingly, it is hereby

ORDERED that the motion to dismiss is granted to the extent that the first, second, and third causes of action of the amended complaint are dismissed, except as to the third cause of action against defendant Columbus Square 808, LLC; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendant UDR, Inc., dismissing the complaint against said defendant; and it is further

ORDERED that the third cause of action against defendant Columbus Square 808, LLC, is severed and shall continue; and it is further

ORDERED that defendant Columbus Square 808, LLC, is directed to serve an answer to the complaint within 20 days after the date of filing hereof; and it is further

ORDERED that the parties are directed to appear for a preliminary conference in Room 1166, 111 Centre Street, New York, New York, on September 8, 2024, at 10:00 AM. Prior to the conference, the parties shall meet and confer regarding discovery and, in lieu of appearing at the conference, may submit a proposed preliminary conference order, in a form that substantially conforms to the court's form Commercial Division Preliminary Conference Order located at

**151061/2023  LEE, C.K. ET AL vs. UDR, INC. ET AL**
**Motion No.  002**

**Page 5 of 6**

5 of 6

https://ww2.nycourts.gov/courts/1jd/supctmanh/preliminary_conf_forms.shtml, to the Principal

Court Attorney of this Part (Part 38) at ssyaggy@nycourts.gov.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 7/11/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**151061/2023   LEE, C.K. ET AL vs. UDR, INC. ET AL**
**Motion No.  002**

Page 6 of 6

[* 6]